S. B. Strong, J.
The first objection is founded on a direction in the 130th section of the Code, that, where a copy of the complaint is not served with the summons, “ the summons must state where the complaint is or will be filed.” A copy of the summons only is directed to be published in the newspapers, but the judge who orders the publication is required, by the 135th section, to order that a copy of the summons and complaint shall be forthwith deposited in the post office, directed to the person to be served at his place of residence, unless it appear that such residence is neither known to the party making the application, nor can with reasonable diligence be ascertained by him. Where there is a full compliance with *414 these directions, and there must be, there is a service by mail of the complaint, with the summons, and the requisition in the 130th section is inapplicable. ' There is, it is true, an exception when the residence of the absent defendant is unknown. It does not appear in this case whether such residence was known or not, but an exception is not to be inferred to defeat the action of a court of general jurisdiction. As, however, the question as to the intent and meaning of the direction in the 130th section which I have quoted was discussed by the counsel, and in one aspect of this case may have been invoked, it is proper to consider it, especially as it is one of general application and should be definitely settled.
The only expression used, in the provision of the Code which I am considering, to denote the locality is the word “ where.” That, as is unfortunately frequently the case with statutory language, is somewhat indefinite. The interpretation of it, given by Dr. Worcester, is, “at which or what place.” (Worcester's Dic.; word “where.") The 128th section of the Code, in directing the insertion in the summons of the name of the place where an answer must be served,' describes it as a “place within the State,” to be specified in the process. The summons, in specifying “ the office of the clerk of the county of Kings, at the City Hall, City of Brooklyn, Kings county,” clearly designated a place within this State. The requisition is only as to the place, and there is no direction that the name of the State should be inserted. It might, perhaps, have been well enough to have required that the name of the State should have been stated to avoid the uncertainty resulting from the fact that there are occasionally several places in the different States bearing the same name. That might be remedied to a considerable extent by naming both the city (or town) and county, as was done in this case. But the Code does not positively require that the name of the county should be inserted, and this court cannot exact any addition to the statutory particulars, especially on a jurisdictional question. It is undoubtedly proper to require a full compliance with all the statutory directions in order to obtain jurisdiction against absent defen *415 dants, but it would be productive of great uncertainty and injustice to. exact anything more. It is doubtful, however, whether there could exist, under a compliance with the provisions of the Code, any uncertainty as to the State, although not named in the summons. If the absent defendant should see the advertisement in either of the newspapers, he would know in what State such newspaper had been published, and he would readily infer that the action had been instituted in the same State. If he should receive the paper directed to be forwarded to him by mail, the copy of the complaint would designate the State. In mortgage cases the defendants, whether mortgagors, subsequent purchasers, mortgagees or judgment creditors, would almost necessarily know in what State the county clerk’s office, in which their conveyances must have been recorded, or their judgments docketed, was situated. I am satisfied that the Code does not require that the name of the State should be inserted in the summons, and that there-can be no serious inconvenience resulting from the omission (if it may be so denominated) which would call upon us to extend the requisitions of the statute, if it had been in our power to do so.
The second objection advanced by the purchaser .arises under the last clause of the 135th section, which is in the following words: “ And in all cases where publication is made, the complaint must be first filed, and the summons,, aspublished^ must state the time and place of such filing.” The statement in this instance was at the foot, and not in the body, of the summons. It was evidently intended to be a part of that process. Was it not so in effect? In contracts and other private instruments, all that is written and executed at the same time, and upon the same subject matter, and by the same parties, is considered as one document, whether it be in one continuous body or in distinct and separate parts. In testamentary papers a codicil is considered as a part of the will, as fully as if it had been incorporated in the body of that instrument. Why should not the same rule be extended to a summons, especially as the Code was designed to give a preference *416 to substantial over mere formal matters ? The intent (whether fully effectuated or not) was beneficent, and should control in the construction of all doubtful or general provisions. The intent was, that when the summons should be read in a newspaper, by an absent defendant, he should be apprised of the time and place when and where the complaint against him had been filed. That information he would derive as readily and authentically from an additional note, as from the body of the summons. It may be doubted whether (as was suggested in the Supreme Court) the insertion of these additional particulars in the body of the summons to the absent defendants would have been an amendment of the original process, requiring an order of the court to sanction it, or whether if made— with or without such order—it would have vitiated what had been previously done in reference to the resident defendants; as there may well be different process to bring into court defendants in the same suit. There must, of course, be entire identity in the complaint; but I know of no rule, nor any reason why there should be any, requiring that the process against defendants differently situated should be the same in every particular. Where it can be done without prejudice (as in this case) it is very proper to retain the process in its original form, and make such additions as circumstances may have required, in a separate note, in order to preserve that symmetry which is so desirable in judicial proceedings.
We think that neither of the objections taken by Mr. Kelsey is well founded, and the judgment from which he has appealed must be affirmed.
All the judges concurring,
Judgment affirmed.