Harrison *v.* Harrison.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *George G. Barnard*, Justices.]

———•◦•———

HENRY HARRISON, trustee &c. of James Harrison, deceased, *vs.* THOMAS J. HARRISON and others.

A testator, by his will, gave his property, real and personal, to trustees in trust to pay one third of the income to the widow, for life, and the other two thirds of the income during the life of the widow, and the whole income after her death, to his children during their lives. On the death of any child leaving lawful issue, to apply the share of income which the parent of such issue was entitled to, to the use of such issue during their respective minorities; and on their arrival at full age, the testator devised and bequeathed to such issue, absolutely, the capital or principal of that portion of his estate to the income of which the deceased parent of such issue was entitled, under the will. The will then contained this provision: "But if any of my said children shall die without leaving lawful issue surviving, or if such issue shall die under the age of twenty one years, then it is my will, and I do hereby declare, that the share of my estate (to the income of which such child of mine so dying without issue, living to the age of twenty one years) shall revert to and become part of my residuary and other estate for the benefit of my other heirs."

Harrison *v.* Harrison.

*Held* 1. That the trust was not so entire, and sacred as a whole, but that the court could declare it void as to the last provision, or ulterior contingent limitation over in default of issue, &c. and valid in other respects. That notwithstanding the trust, the court could carry out the intentions of the testator and give effect to his will, so far as it could be done without interfering with the law against perpetuities.

2. That the case of *Savage* v. *Burnham*, (17 *N. Y. Rep.* 561,) was an authority for declaring all the provisions of the will valid, except the one to the effect that on the death of any child of the testator without issue, or without issue living to the age of twenty-one, the share intended for the issue of such child, had he left issue, or issue living to the age of twenty-one, shall continue under the trust, for the benefit of the other children of the testator and their issue, under the will.

3. That as to that provision, or ulterior contingent limitation, the trust was void; but that it was valid in all other respects.

4. That on the death of any child of the testator without issue, the share intended for the issue of such child, had he left issue, would be released from the trust, and would vest absolutely in the heirs at law of the testator (assuming the estate of the testator to be all real estate) as undisposed of by the will.

5. That upon the death of any child leaving issue, the share would vest in such issue, absolutely, if of the age of twenty-one; if under twenty-one, contingently; that is, liable to be divested in favor of the heirs at law of the testator, by the death of such issue before arriving to the age of twenty-one.

6. That the power of sale, given by the will to the trustees, was valid, and that it might be lawfully exercised.

JAMES HARRISON died April 14, 1853, leaving a widow and six children, and a will dated in the month immediately previous to his death. The testator, by his will, gives his property, real and personal, to the executors and trustees, in trust, to pay one third of the income, to the widow for life, and the other two thirds of the income, during the life of the widow, and the whole of it after her death, to his children, during their lives. On the death of either child, to pay the income theretofore paid to him, to his issue during their miniority, and to pay and convey to them such principal share on their arrival at full age. The will then contained this clause: "But if any of my said children shall die without leaving lawful issue surviving, or if such issue shall all die under the age of twenty-one years, then it is

my will and I do hereby declare that the share of my estate, (to the income of which such child of mine so dying without issue, living to the age of twenty-one years,) shall revert to and become part of my residuary and other estate, for the benefit of my other heirs." There are further provisions made .as to cross-remainders over to the issue of the other children, in default of issue of either of the respective children. These last provisions, as to cross-remainders, were admitted to.be void for remoteness, under the statute restricting the suspension of alienation. One of the children died after the testator, and before the commencement of this action, leaving issue still living. The other children of the testator are still living, and some of them have living issue. The action was brought by the trustee, under the will, to obtain a judicial construction thereof, and directions as to his powers and duties thereunder. All parties having any possible interest in the estate, whether as *cestuis que trust,* under the will, or as heirs at law of the decedent, were made defendants in the action. The cause was tried at special term, before Hon. WILLIAM H. LEONARD, October 9, 1862; and it being understood that the case must go to the general term, the judge decided, *pro forma,* against the validity of the trusts attempted to be created by the will, in the following words: 1st. That the provisions of the will, declaring trusts of the testator, suspend the power of alienation longer than the statute permits, and are therefore void. 2d. That, upon the death of the testator, his six children became seised of his lands and hereditaments, in equal shares, as tenants in common, subject to the dower right of their mother. To these conclusions of law, and each of them, the infant defendants excepted, and from the judgment entered thereon they appealed to the general term of this court.

*D. C. Ringland,* for the appellants.

*Wm. Fullerton,* for the adult defendants.

SUTHERLAND, J. When the testator made his will, and at his death, he had six children living, five of whom were of full age. Four of the children were then married. Each of those married had two children then living.

The testator left him surviving his widow, Isabella Harrison, who died on the 24th day of February, 1862.

The testator, by his will, gives his property, real and personal, to trustees (his executrix and executors named in the will) in trust, to pay one third of the income to the widow for life, and the other two thirds of the income during the life of the widow, and the whole income after her death, to his children during their lives; and on the death of any child leaving lawful issue, to apply the share of income which the parent of such issue was entitled to to the use of such issue during their respective minorities; and on their arrival at full age the testator devises and bequeaths to such issue, absolutely, the capital or principal of that portion of his estate to the income of which the deceased parent of such issue was entitled under the will. Then comes this provision of the will: "But if any of my said children shall die without leaving lawful issue surviving, or if such issue shall die under the age of twenty-one years, then it is my will, and I do hereby declare that the share of my estate (to the income of which such child of mine so dying without issue, living to the age of twenty-one years) shall revert to and become part of my residuary and other estate for the benefit of my other heirs."

There cannot be a doubt that the testator intended his children to share equally in the income of his estate during their respective lives. He, therefore, intended to give one third of the income of his estate to his widow for life, and to each of his children one sixth of the other two thirds during the life of his widow, and after her death, to each of his children for life, one sixth of the whole income. In making the provision in favor of the issue of any child dying leaving issue, the testator evidently considered his estate in

the hands of the trustees as separated into six equal parts, to the income of one of which each of his children was entitled during his or her life. If the testator had not created the trust, that is, if the absolute right of alienation were not suspended by the trust created by the will, there really would not be any question in the case, for then the perpetuity or unlawful suspension of the absolute right of alienation would have been caused solely by the ulterior contingent limitations over in case any of the children of the testator died without leaving lawful issue, or such issue should die under the age of twenty-one; and such ulterior limitations being therefore void, the prior provisions or limitations in favor of the widow and children of the testator and their issue would have been valid by the express provision of the statute. (1 *R. S.* 723, § 17. *Bulkley* v. *Depeyster,* 26 *Wend.* 21.) The section of the revised statutes referred to is only declarative of the reasonable common law principle, that it is the duty of courts, in construing and giving effect to wills, to carry out the intention of the testator, as far as it can lawfully be done.

It is plain, I think, even as to the one third of the estate, the income of which is given to the widow for life, that independent of the trust (the ulterior contingent limitations over in default of issue, &c. being void,) it must absolutely vest, with the absolute right of alienation, either in the issue of the testator's children, or in the heirs at law of the testator, (assuming it to be real estate,) within the time allowed by law. (1 *R. S.* 723, §§ 15, 16.) The question in the case, then, is whether the suspension of alienation arising from the trust created by the will destroys the whole will, leaving the whole estate of the testator to go to his heirs at law, as undisposed of by will.

The testator declares, if any of his children should die without issue, or if such issue should die under the age of twenty-one years, that then it is his intention that the share of the child so dying without issue, or without issue who should live to the age of twenty-one, shall revert to and become a

part of his residuary and other estate, for the benefit of his other heirs.  By this he intended, no doubt, that such share should in such case remain in the hands of his trustees under the trust, for the benefit of his other children and their issue, under the will.  His intention in this respect cannot lawfully be carried out, for all of his children but one might succesively die without issue capable of taking absolutely under the will, and thus the trust over the whole estate, without any right of absolute alienation, might continue until the death of the surviving child.

But does it follow that the whole trust is void?  Is the trust so entire, and sacred as a whole, that the court cannot declare it void as to this provision, or ulterior contingent limitation over in default of issue, &c. and valid in other respects?  In other words, notwithstanding the trust, cannot the court carry out the intentions of the testator, and give effect to his will, so far as it can, without interfering with the law against perpetuities?  The court of appeals held, in *Savage* v. *Burnham*, (17 *N. Y. Rep.* 561,) that it could.  I must say, that I have read the opinion of Judge Comstock in that case, with real satisfaction, and I cannot avoid thinking that the court of appeals, by its decision of the case, intended to rescue itself from the technical views and reasoning of Judge Gardner, in *Amory* v. *Lord*, (5 *Seld.* 403.)  In my opinion, these decisions cannot be reconciled.

Independent of the reasonableness and most self-evident propriety of the general principle, that courts should carry into effect the intentions of the testator, so far as can lawfully be done, I think *Savage* v. *Burnham* an authority for declaring all the provisions of the will in the principal case valid, except the provision to the effect that on the death of any child of the testator without issue, or without issue living to the age of twenty-one, the share intended for the issue of such child, had he left issue or issue living to the age of twenty-one, shall continue under the trust for the benefit of the other children of the testator and their issue under the will.

As to this provision or ulterior contingent limitation, I think the trust should be declared void, and that it should be declared valid in all other respects. On the death of any child of the testator without issue, I think the share intended for the issue of such child, had he left issue, would be released from the trust, and would vest absolutely in the heirs at law of the testator (assuming the estate of the testator to be all real estate) as undisposed of by the will.

Upon the death of any child leaving issue, the share would vest in such issue absolutely, if of the age of twenty-one; if under twenty-one, contingently; that is, liable to be divested in favor of the heirs at law of the testator, by the death of such issue before arriving to the age of twenty-one.

I see no reason to doubt that the power of sale given by the will to the trustees is valid, and that it may be lawfully exercised.

I think the judgment appealed from should be reversed, and that there should be a judgment in accordance with the principles and construction declared in this opinion.

The costs of all parties on this appeal should be paid out of the estate.

LEONARD, J. concurred, and delivered the following opinion : The rule was formerly laid down by the courts of last resort in this state, in several cases, that a trust is void as against the general policy of the law where the power of alienation as to real estate, and of ownership as to personal estate, may, by any possibility, be suspended for more than two lives in being at the creation of the estate. But in *Savage* v. *Burnham,* (17 *N. Y. Rep.* 561,) the rule adopted appears to be modified so that trusts are void only where the suspension must be for more than two lives. If the apparent intent of the trust is lawful, and the event that would produce the unlawful suspension is a doubtful or remote contingency, it is valid to the extent that the suspen-

sion is permitted by the statute; and if the events or contingencies arise which would unlawfully extend or continue the trust, to that extent only the provisions of the instrument creating the trust are void. This statement contains the practical operation of the new rule laid down in *Savage* v. *Burnham*. The will of the testator, Harrison, under this decision can be sustained. I therefore concur with my brother Sutherland.

CLERKE, J. gave no opinion.

Judgment reversed.

[NEW YORK GENERAL TERM, May 2, 1864. *Leonard, Clerke* and *Sutherland*, Justices.]