Killam *v.* Allen.

[NEW YORK GENERAL TERM, November 2, 1868. *Ingraham, Mullin* and *Daniels,* Justices.]

————•—•—————

HENRY KILLAM, executor, &c. *vs.* JULIA G. ALLEN and others.

52 605
123a 44
52 605
127a 541
52 605
74h 429
52b 605
e 39 Mis²362
39 Mis¹365

A testator, by his will, devised certain premises in the city of New York to his widow, daughter and son, "in equal portions, to them and their heirs forever, to have and to hold said estate upon the conditions, qualifications and reservations herein contained, and subject to a trust to be executed by my said executors, who are hereby appointed trustees for the purpose." The executors were required to have the control of the property for the purposes of their trust, to enable them to execute the duties of their appointment; to rent the premises; to collect the rents; and, after paying the taxes and premiums for insurance, to pay certain designated annuities to various persons, including the father and sisters of the testator, amounting in all to the annual sum of $850, apply the balance towards the payment of two mortgages, one on the property yielding such rents, the other upon a farm in Connecticut, devised to the testator's son, and at the expiration of the trust, to surrender the property to the persons to whom it was devised, subject to the performance and discharge of all these duties.

*Held* 1. That these provisions of the will created a trust in the executors.

2. That such trust was illegal and void, by reason of the limitation upon its existence and continuance which the testator had imposed upon it, viz. the payment and extinction of the mortgages; which might suspend the absolute power of alienation beyond the period allowed by law.

3. That the annuities to the father and sisters of the testator could be sustained, as charges upon the real estate, notwithstanding the failure of the trust.

---
Killam *v*. Allen.
---

APPEAL by the defendants from a judgment ordered at
a special term, upon a trial by the court, without a
jury.   The action was brought to obtain a construction of
the will of Edward P. Allen, deceased.   The following
opinion, delivered by the justice before whom the action
was tried, states the material facts :

DANIELS, J.   This action is brought by the plaintiff as
surviving executor under the will of Edward P. Allen,
deceased, to procure the judgment of this court, declaring
the proper construction of such will.   The widow and
children of the testator insist that the will is void so far as
it attempts to create a trust in the executors; while the
other defendants, who are annuitants under its provisions,
insist that no trust whatever is created by it.   The prem-
ises to which the present controversy relate are designated
in the will as number nine Spruce street, in the city of
New York, and by the terms of the testator's will they
are devised to his widow, Julia G. Allen, his daughter,
Catherine E. Allen, and his son Edward P. Allen, "in
equal portions, to them and their heirs forever, to have and
to hold said estate upon the conditions, qualifications and
reservations herein contained, and subject to a trust to be
executed by my said executors, who are hereby appointed
trustees for the purpose."

While the property is devised to the widow and children,
the intention of the testator is as clearly expressed, that
the devise of it shall be subject to a trust in the same
property, which, if valid, must, for the time of its existence,
prevent the estate devised from vesting in the devisees.
In other words, the devise to the widow and children will
vest the property devised in them, subject to the interest
vesting in the trustee for the execution of the trust.   No
specific devise of the property is made, even to that extent,
to the executors by the terms of the will.   And the ques-
tion, therefore, arises, whether the powers and duties

imposed upon them are such as require an estate in the lands, to enable them to perform such powers and duties. That the testator deemed them to be of such a character is evident from the terms used to describe the interest intended to be vested in the executors, and from his designation of them as trustees, whenever in the will he has occasion to refer to either, he designates the former as a trust, and the latter as trustees. This, of course, is not by any means conclusive upon the inquiry whether a trust was intended to be created, but they are circumstances worthy of consideration in the course of that inquiry. The executors are directed not to sell the property unless at least one third more than its real value to his family can be realized from the sale, and in case of sale they are directed to deposit the moneys arising from such sale. They are also required to lease the premises to one responsible tenant for long terms together, securing the monthly payment of the rents, and requiring the tenant to keep the building in good repair. They are required to collect the rents, keep the store well insured, and the taxes promptly paid. The testator then declares: " First. My said trustees shall pay from the income of said last mentioned property, the following sums, and in the following manner, to wit, to my said wife, Julia G. Allen, the sum of $200, payable quarterly. Also to my wife, Julia G. for the said children, Catherine E. and Edward P. for the purpose of clothing and education, the sum of $200 per annum, being $100 per annum for each, payable quarterly. Also to my father, Isaiah Allen, the sum of $150 per annum, in quarterly installments. Also to my sisters, Martha M. Grimshaw and Rebecca P. Allen, to each the sum of $150 per annum, to be paid in installments of $50 once in four months. And in case said Martha M. Grimshaw shall die during the continuance of this trust, then said sum so payable to her shall be due and payable to her daughter, Julia Anna Grimshaw, said payments to continue until

this trust shall be completed and fully ended." The will afterwards provides that the executors shall, after payment of said sums of money as aforesaid, from the income of said real estate situated in New York city, apply the surplus to the reduction and extinguishment of the mortgages upon said real estate, in said city of New York, and upon said farm in said Enfield," which had been previously devised in fee to his son. The will provides further " that said executors shall have control over all said property not specifically devised to Edward P. Allen aforesaid, for the purposes of their trust, and to enable them to execute the duties of their appointment, and to collect the rents of my property in the city of New York." When the trust is determined, the testator declares that the trustees named in the will " shall surrender the estate to the persons to whom the same is by this instrument bequeathed, their guardians or heirs."

By these different provisions, in addition to the designation of the interests intended to be vested in the executors as a trust, and of themselves as trustees, they are required to have the control of the property for the purposes of their trust, to enable them to execute the duties of their appointment, to rent the premises in which such interest is created, to collect the rents accruing therefrom, and after paying the taxes and premiums for insurance, to pay certain designated annuities amounting in all to the annual sum of $850, apply the balance toward the payment of two mortgages, one on the property yielding such rents, the other upon a farm in Connecticut devised to the testator's son, and at the expiration of the trust, to surrender the property to the persons to whom it is devised, subject to the performance and discharge of all these duties. That these provisions in the will create a trust, as the testator plainly intended they should, very clearly follows from the principles settled by the cases of *Leggett* v. *Perkins*, (2 *Comst.* 297,) and *Tobias* v. *Ketchum*, (32 *N. Y. Rep.* 319, 330.)

Justice Davis, in delivering the opinion of the court in the last case, says: "The authority to rent and lease, to repair and insure, by necessary implication vests the trustees with the legal title. They must not only execute leases, but enforce them, put in tenants and dispossess them, the proper performance of which requires the title of the estate." After the summary already made of the authority conferred and the duties imposed upon the executors under the will in the present case, it can hardly be necessary to add that very much more was done in this instance, indicating the creation of a trust, than in the case last cited.

As a trust must be held to have been created in the executors in the property in question, the next inquiry arising is whether it is of an unlawful character. And that will depend upon whether the absolute power of alienation may be unlawfully suspended by the execution of the trust. When the will was made, two mortgages existed upon the testator's property. One upon the farm in Enfield which was devised to his son. That mortgage has since been collected by a foreclosure of it, and a sale of the farm. The other was upon the Spruce street property, and at the time of the testator's death there was $18,000 unpaid upon it. Since that time the plaintiff has paid the interest upon it, and reduced the principal secured by it to the sum of $15,000. The only funds or means appropriated by the testator for the payment of this mortgage debt is that of the surplus rent of the Spruce street property, remaining after payment of taxes and insurance, and the seven annuities provided by the will. The trust created by the will is required to continue until the mortgage debt shall be paid. The provision made on that subject is as follows: "It is my will that when said lot and store in New York city, known as number nine Spruce street, are free from incumbrances, and the said mortgages

are paid up and satisfied, then this trust created by this last will and testament shall cease and be determined." Whenever that event may happen the trust will come to an end whether the annuities are discharged or not. If they are not discharged, then, with certain modifications in amounts, those in favor of the testator's father and sisters are to continue as a charge upon the property simply, after the mortgages are paid and satisfied, and during the lives of the annuitants. The limitation placed by the testator upon the existence and continuance of the trust is the payment of the mortgages, and nothing else. If that is rejected, then no limitation whatever will remain by which the possible duration of the trust can be determined. For the testator does not authorize its continuance for the payment of the annuities beyond the period when the mortgages shall be paid. Whenever that event may arrive, the trust for the collection of the rents and the payment of the annuities must at once come to an end. The annuities would not cease, if the present mortgage should remain unpaid until the death of Julia Anna Grimshaw, in case she survived her mother. And this would require their continuance if Julia Anna Grimshaw should be the last survivor, until the widow, her two children, and the testator's father and two sisters had all died. During all that time the trust would be sustained by the only limitation imposed upon it, if the mortgage was not then paid and satisfied, which would extend it through a period of seven lives. If she did not survive her mother, the trust would still continue through six lives if the mortgage should so long remain unpaid. It is not necessary to speculate upon the probable remoteness of that event. It is sufficient for the present purposes of this case to say that it is a limitation upon the existence of a trust which the statute does not permit to be imposed. The statute provides that " The absolute power of alienation shall not be suspended, by any limitation or condition whatever, for a

longer period than during the continuance of not more than two lives in being at the creation of the estate," except in a single instance, which it is unnecessary to notice, because it will not help this case. (1 *R. S. Edm. ed.* 672, § 15.) The trust which the testator attempted to create by this will required an estate, which this section of the statute prohibited from being created, and that estate must fail with the trust it was intended to support. The annuities to the testator's father, sisters and niece were directed to take effect as charges upon the Spruce street property only from the time the trust should be completed and fully ended; not by reason of any illegality in the trust itself, but by means of the limitation which the testator had imposed upon it, which was the payment and satisfaction of the mortgage. As this period can never arrive, by reason of the trust being illegal and consequently void, the event cannot arise upon the happening of which the annuities were to become charges upon the land in favor of the testator's father, sisters and niece. The question is, therefore, presented here whether these three annuities can be maintained as charges upon the property, after the trust created to support them has been determined to be unathorized by law. By the terms of the will these annuities to the father and two sisters were to be increased $50 in amount to each, whenever the mortgages were paid and satisfied, and they became simple charges upon the property. As the mortgage upon the Spruce street property still remains unpaid and unsatisfied, the increase in the annuities cannot be made, for the event on which it was to take place has not yet occurred. If they are to be maintained as charges it must, therefore, be for the same amounts the annuitants would have been entitled to receive if the trust itself could have been continued for their support and satisfaction. The difficulty in sustaining the annuities to the testator's father and sisters after the failure of the trust by reason of illegality,

arises out of the circumstance that the will only provides for their becoming charges upon the property in the hands of the devisees after the trust itself shall be fully completed and ended, by which the testator intended, of course, that it should be completed and ended by the payment of the mortgage, for that was the only event he had designated for limiting and completing the trust. In that respect, the event cannot arise on which the annuities were to take effect as charges upon the property itself. But there is nothing in the will as a whole leading to the conclusion that the testator intended that these annuities should only be carried into effect if that could be done in the particular mode he selected. It is true that he expressed that particular intention concerning them, but that was under the supposition that the trust he attempted to create was valid, and could properly be extended to the time of the payment of the mortgage. This particular intention must fail with the trust it was made to depend upon. But it does not by any means follow that the intent to charge the annuities directly upon the property cannot be sustained, because that cannot be accomplished in the particular manner selected by the testator. It is certainly true that this court cannot make a new will for the testator, even so far as to supply the place of an inconsiderable portion found to be inoperative for want of lawful authority. But if the scheme and general intent of the testator can be maintained by sustaining the annuities as charges, even though they cannot be sustained by means of the trust, no new provision will be incorporated in the will. For it can be done by rejecting that portion only which renders them dependent upon the termination of the trust for their effect as charges merely. And they may be done under the common rules of construction, applied to the interpretation of wills. When "the intention of the testator is apparent upon the whole will taken together, the court must give such a construction as to support the intent of

the testator, even against strict grammatical rules. And to effectuate his evident intention words and limitations may be transposed, supplied or rejected." (*Pond* v. *Bergh*, 10 *Paige*, 140, 152. *Lorillard* v. *Coster*, 5 *id*. 172, 226, 227. *Dayton on Surrogates*, 3d ed. 408, *and cases cited. Id.* 410.)

It is very clear from the will, in this case, that the leading object of the testator was to provide for the payment of taxes and premiums for insurance, as well as the mortgages upon his property, and the annuities provided for out of the rents of the Spruce street property; and he intended to accomplish that object, but has failed to do so, only in the precise way he selected for accomplishing it. This object can be secured by sustaining those portions of his will, concerning the validity of which no objection can be made. The mortgage upon the farm is entirely out of the way, while the one on the Spruce street property is a valid lien in all respects, and is in no way dependent for its validity, or the obligation to pay it, upon any thing contained in the will. This mortgage, with the taxes and expenses of insurance, constitute the paramount obligations the rent must be applied to extinguish. Beyond them it was the purpose of the testator to so far secure the support and maintenance of his widow and children as to provide for the payment to the widow, for them, of the sum of four hundred dollars per year, and so far to contribute toward the support of his father and sisters as to provide for the payment to each of them of the sum of one hundred and fifty dollars per year, out of the annual rents of this property. And after the trust was completed, it was his intention that the annuities to his father and sisters should be made specific charges upon that property, which can be done by executing his general intent although the particular event upon which the charge was to take effect can never occur, on account of the failure of the un-

lawful trust which it was made to depend upon and follow. This construction is within the principle, and sustained by the authorities already mentioned, and it also has the sanction of more recent adjudications. (*Savage* v. *Burnham*, 17 *N. Y. Rep.* 561, 572. *Harrison* v. *Harrison*, 42 *Barb.* 162.) The will must therefore be so construed as to reject the trust entirely, as unlawful and consequently void, and to charge the annuities of one hundred and fifty dollars per year in favor of the testator's father and sisters upon the Spruce street property, payable out of the rents in the manner declared by the will, after the payment of taxes, the expenses of insurance and the interest on the mortgage debt. The residue of the rents will then be applicable to the support and maintenance of the testator's widow and children, and the payment and reduction of the mortgage debt under the management of the widow in her own behalf, and jointly with the other guardians of the children on their behalf during their minority. The surviving executor and trustee must be discharged from his trust upon a proper accounting to be had before a referee, to be appointed under an order to be entered for that purpose. Upon such accounting he must be charged only with such moneys as may remain in his hands unexpended in the execution of the trust. For while all parties acquiesced in its validity, the trustee must be protected in all that he did in good faith for the purpose of executing it. The costs of all parties will be paid out of the funds remaining in his hands. If such funds prove insufficient for that purpose, then the deficiency must be supplied out of the rents of the property, whenever any such rents may be found applicable to that purpose after satisfying the other charges upon them.

Judgment being entered, in accordance with the above opinion, the infant defendants, Catharine E. and Edward P. Allen, by their guardian *ad litem*, appealed to the general

Killam *v.* Allen.

term from all parts thereof, which in any manner sustain or effectuate any of the annuities given by the will of the testator or any portion of said will.

*Willett Bronson*, for the appellants. I. The trust to receive and pay over the rents and profits is void and inoperative, being limited upon an absolute term and not upon life. 1. It is a trust term, and therefore inalienable. (1 *R. S. Edm. ed. p.* 697, §§ 60, 63, 65.) 2. It is limited, contrary to law. (*Coster* v. *Lorillard,* 14 *Wend.* 65. *Hawley* v. *James,* 16 *id.* 120, 171. *Hone* v. *Van Schaick,* 20 *id.* 564. *Boynton* v. *Hoyt,* 1 *Denio,* 58. *De Kay* v. *Irving,* 5 *id.* 646, 651, 652, 653. *Tucker* v. *Tucker,* 5 *N. Y. Rep.* 416, 427. *Jennings* v. *Jennings,* 7 *id.* 547.) 3. It has been so held by the court below.

II. The doctrine of *cy-pres* cannot be invoked to give validity to a void trust. 1. It has been so held by the court below. 2. By a positive rule of law it is made void and inoperative. The rule is imperative. (*Coster* v. *Lorillard,* 14 *Wend.* 265. *Hawley* v. *James,* 16 *id.* 172, 173, 226. *Root* v. *Stuyvesant,* 18 *id.* 301. *Irving* v. *De Kay,* 9 *Paige,* 529. *Amory* v. *Lord,* 9 *N. Y. Rep.* 411, 420.) 3. The fact that a devise thus void is wholly inoperative, is recognized and acted upon in all the cases where the intention of the testator has been effectuated. Whenever effect has been given to the contested disposition of property, it has been by one of the following modes: (*a.*) When there have been several trusts, or several limitations in a single trust, some of which have been valid and some of which have been invalid, it has sometimes been held that the valid and invalid were not necessarily connected, and effect has then been given to the valid ones. (*Darling* v. *Rogers,* 22 *Wend.* 483. *De Kay* v. *Irving,* 5 *Denio,* 649, 653.) (*b.*) Where a trust in a will has been void, and where the intention of the testator might be effectuated by operation of some other portion of the will which is valid, effect has

been given to such other portion. (*Tucker* v. *Tucker*, 5 *N. Y. Rep.* 409. *Parks.* v. *Parks*, 9 *Paige*, 111, 123.) (*c.*) Where the subject matter of the trust is personal property, or where the doctrine of equitable conversion applies, it has been held that the question is not whether the trust term is inalienable under sections 60, 63 and 65 of the Revised Statutes, as to uses and trusts, but whether the various interests granted can be separated; and, if so, whether as to each of them the absolute ownership is suspended. (*Depeyster* v. *Clendining*, 8 *Paige*, 305. *Van Vechten* v. *Van Veghten, Id.* 104, 120, 121, 128. *Kane* v. *Gott*, 24 *Wend.* 659, 662. *Savage* v. *Burnham*, 17 *N. Y. Rep.* 561.) (*d.*) Where the language of the will has been ambiguous as to the point, whether or not the interest, of which the validity was in question, was that of a life tenant, or of a *cestui que trust*, it has been held to be that of a life tenant. (*Parks* v. *Parks*, 9 *Paige*, 107, 122, 123. *See Amory* v. *Lord*, 9 *N. Y. Rep.* 410, 411.)

III. The trust to apply the balance of the rents and profits, after the payment of the annuities, to the extinguishment of the mortgage, is so dependent upon the trust to pay the annuities, that the latter having failed, the first must fail also. 1. The whole will is a connected scheme, dependent upon a void trust, so that effect cannot be given to this portion of this trust without sustaining the whole will. (*Amory* v. *Lord*, 9 *N. Y. Rep.* 420.) 2. Such an attempt would produce conflicting estates. (*a.*) The trust estate, created for the receipt and payment of rents and profits, being void, descends to the heirs-at-law as a legal estate. (*b.*) If the trust in question were attempted to be upheld, the trustee, by operation of the Revised Statutes, would take the whole estate in law and equity, subject only to the execution of the trust; such an estate cannot co-exist with the legal estate in the heirs. (*Savage* v. *Burnham*, 17 *N. Y. Rep.* 578. *Tobias* v. *Ketchum*, 32 *id.* 327, 331.) 3. Such an attempt would also make the provisions of the

Revised Statutes conflicting, and in certain instances nugatory. (1 *R. S. Uses and Trusts,* §§ 60, 61, 62. 1 *id. Creat. of Estates,* §§ 36, 40.)

IV. The trust, as to both of its purposes, being void, the incumbrances limited to take effect after the completion of the trust are void also. 1. This provision is a portion of a connected scheme, of which the said trust is an essential part. This appears: (*a.*) From the amounts given being made dependent upon the completion of the trust. (*b.*) From their taking effect after the two mortgages shall have been paid off. 2. Because limited upon a void trust. (*a.*) They are governed by the same rules as future estates in land. (1 *R. S. Edm. ed. p.* 674, § 36. *Hawley* v. *James,* 5 *Paige,* 458.) (*b.*) Every remainder, future estate, or other interest limited upon a void trust is void. (*Hone* v. *Van Schaick,* 20 *Wend.* 566. *Irving* v. *De Kay,* 9 *Paige,* 528. *Amory* v. *Lord,* 9 *N. Y. Rep.* 420. *Leonard* v. *Burr,* 18 *id.* 107. *Hawley* v. *James,* 5 *Paige,* 458.) (*c.*) Such estates must of necessity fall. They are estates not known to the law; estates which the testator himself would not be permitted to create, and which are repugnant to and render conflicting the provisions of the Revised Statutes. (1 *R. S. Creat. of Estates,* §§ 7, 13, 35, 36, 40, 41, 42.) 3. The said estate in remainder upon which these incumbrances are charged, having failed, the testator's children take fee under the laws of descent, free from incumbrances. (*a.*) The legal estate in remainder has failed. (*b.*) The incumbrances charged upon it must also fall with it.

V. The judgment of the court below, effectuating the gifts of incumbrances limited to take effect after the completion of the trust, is wrong. 1. The gifts themselves are void. (*Point* IV.) 2. Were they valid they could not be thus executed. (*a.*) There is nothing left of the will but this clause, which must be construed according to the legitimate meaning of its words. (*Jackson* v. *Sill,* 11 *John.* 216. *Hawley* v. *James,* 16 *Wend.* 172. *Coster* v. *Lorillard,*

14 *id.* 364. *Darling* v. *Rogers*, 22 *id.* 490. *Jarman's Rules of Contract. Redfield on Wills*, 425.) (*b.*) The court below must be held either to have construed the clause according to the legitimate meaning of its words, or to have executed or made operative some intention other than that contained in this clause. (*c.*) There is no such intention which can be executed or made operative. The intention of the testator in creating the void trust has no operative force. There is in this will no general intention, as separate from a particular intention. (*Parks* v. *Parks, 9 Paige,* 107, 123. *Savage* v. *Burnham,* 17 *N. Y Rep.* 561, 572. *Harrison* v. *Harrison,* 36 *id.* 543.) The testator's abstract motive is not an intention capable of execution. (*Coster* v. *Lorillard,* 14 *Wend.* 349. *Hawley* v. *James,* 16 *id.* 172, 216.) (*d.*) The court below has executed and made operative an abstract motive nowhere contained in the will. (*e.*) To give the effect given by the court below to that clause, construed according to the legitimate meaning of its words, is to make a will for the testator.

VI. To declare the whole will void would work no injustice; nor would the design of the testator be interfered with to so great an extent as it would be by any attempt to apply the *cy-pres* doctrine.

VII. The house and lot No. 9 Spruce street should be declared to descend as a legal estate to the heirs-at-law, free of the trusts and incumbrances.

*R. C. Brainard,* for the other defendants. I. The judgment at special term was correct in declaring the annuities in question a charge upon the real estate. The intent to make the annuities such a charge was clearly expressed in the will, and there is nothing illegal in the nature or character of the annuities.

II. So far as the will directed the executor to receive the rents and income of the Spruce street property, and to apply them to the use of the legatees during their lives.

it was a valid trust, under section 55, article 2, title 2, chapter 1, part 2, of the Revised Statutes, and should have been to that extent sustained. (3 *R. S. 5th ed. p.* 16, *marg. p.* 728. *Leggett* v. *Perkins,* 2 *Comst.* 297.)

III. In the construction of wills, it is a well settled principle to separate, where it is possible, the valid parts of a will from the invalid parts, and to sustain the valid parts, although they may be embraced in the same trusts with the invalid parts. (*Savage* v. *Burnham,* 17 *N. Y. Rep.* 561. *Gilman* v. *Reddington,* 24 *id.* 9. *Everitt* v. *Everitt,* 29 *id.* 39. *Post* v. *Hover,* 33 *id.* 593. *Harrison* v. *Harrison,* 36 *id.* 543.)

*Geo. S. Stitt,* for the respondent, plaintiff. The following are substantially the questions put in issue in this action : 1. Is the trust void? 2. Is the devise void, with the charges of certain annuities on the property of $200 each per annum, to be paid to Isaiah Allen, Martha M. Grimshaw and Rebecca P. Hathaway, during their natural lives ? If the trust should be held void, the parties who may have received any moneys under the trust, either as guardian for the two children of the testator, or in their own right, should be decreed to pay such moneys back to the executor, or the party who may be entitled thereto. The execution of the said trust had been acquiesced in by all parties until the claim was made by Julia G. Allen, in August, 1865. There was an accounting in 1862, and the acts of the executor should not be disturbed. The executor should be saved harmless. He has always acted in good faith. The trust is valid under the second subdivision of section 55, 1 Revised Statutes, 728.

I. This will creates an express trust, under section 55, 1 Revised Statutes, 728, second subdivision. And is a trust to lease lands to pay legacies, and to pay charges on land. The trustees are to pay the legacies or annuities, and to satisfy the mortgages on the lands in New York and at Enfield, Connecticut. The trust is two-fold : 1. To

pay the mortgages; and 2d. For the benefit of legatees. Mortgages are a charge on the land. (*Darling* v. *Rogers*, 22 *Wend.* 491.) This does not limit or restrain the alienation of the land. The power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed. (1 *R. S. p.* 672, § 14.) The land can be aliened by the devisees, with the trustees and the mortgagees. (*Id. p.* 679, § 63.) This part of the trust will be sustained even if the other part of the trust, as to the legacies, be held illegal, as limiting the power of alienation beyond the period of two lives in being. A single trust, which contains limitations, some bad and some good, will be sustained, so far as the valid and legal provisions and limitations are concerned. (*Darling* v. *Rogers*, 22 *Wend.* 491. *Savage* v. *Burnham*, 17 *N. Y. Rep.* 561.) It is the duty of the court to carry out the intentions of the testator, as far and as near as can be done. (1 *R. S.* § 2, *p.* 699.) Therefore, if the trust in this will to pay the five annuities or legacies be bad and illegal, the other trust, to satisfy charges on land, will and should be sustained.

II. The trust being valid and legal, the remainder or devise of the property to the wife and the children of the testator, is valid, and must be upheld, subject to the charges in favor of the legatees or annuitants. In this way the will can be sustained, and the intentions and wishes of the testator carried out, with the exception of the five annuities provided for under the trust. These annuitants are the same persons, except the wife and children, as those provided for in the devise to the wife and children, excluding the wife and children. The will was made in Connecticut, where the testator resided, and he probably was not fully advised of our statutes on this subject.

III. The will has been acted on in good faith, and acquiesced in by all parties, until the commencement of

Killam *v.* Allen.

this action. The acts and doings of the executor should be, thus far, upheld and ratified, and confirmed.

IV. The widow has elected to take her dower, instead of the devise.

V. In any view of this will, the plaintiff, the respondent, submits that the will is valid, and must be sustained, in whole or in part, and under it the executor has power to lease and receive the rents, and pay the mortgages, and when that is paid off, this power ceases, and the devisees take the rents, and are to pay the annuities, of $200 each, to Isaiah Allen, Martha M. Grimshaw and Rebecca P. Hathaway.

*By the Court*, INGRAHAM, J. We concur with the decision below, that the trust was illegal and void, by reason of the limitation which the testator had imposed upon it, by the payment and satisfaction of the mortgages.

We also concur in the conclusion that the annuities to the father and sisters can be sustained as charges upon the real estate, notwithstanding the failure of the trust.

These rulings were fully discussed by the justice before whom the case was tried, and it is unnecessary to add any thing further to his opinion on these points.

There may be some doubt whether other legacies or annuities might not also have have been sustained; but as those parties are not appellants here, and as the effect of the decision vests in the same parties all the income of the property, after the payment of the annuities charged on the estate, we do not deem it necessary or proper, on this appeal, to alter the decision in regard thereto.

Judgment affirmed.

[NEW YORK GENERAL TERM, November 2, 1868. *Ingraham, Mullin* and *Daniels*, Justices.]