TORONTO GENERAL TRUST COMPANY, as Trustee, etc., Appellant, *v.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY et al., Respondents.

Where a will creates a valid trust, and title in the trustee to the trust estate is necessary for the purposes of the trust, it will be presumed that the testator intended to give it, although the will contains no words of gift.

An action by a testamentary trustee, having title to the trust estate, to recover any portion thereof, or to recover damages for its conversion, is not brought by him in a representative capacity, but in his own right as the legal owner of the property.

A foreign trustee, therefore, may maintain such an action in this state without having the will admitted to probate here.

D., a resident of Canada, died, leaving a will and codicil; by the latter he appointed M. trustee of his real and personal estate, with power to sell in his discretion. The executrix transferred to M., as such trustee, certain certificates of shares of defendant's stock. Upon surrender thereof new stock certificates were issued by defendant to M., as trustee. M. subsequently sold the stock, and new certificates were issued to the purchaser. M. converted the proceeds to his own use, and subsequently died insolvent. A suit was afterward commenced in Canada in a court of general jurisdiction by D.'s widow against M.'s administrator and an infant son of D. for the appointment of a new trustee, with authority to take, accept and receive the securities and have the management and control thereof. The defendants having been properly brought into court, the plaintiff, a Canadian corporation, authorized by law to act as trustee in such a case, was appointed trustee "to collect and get in the outstanding debts and estate" of D., and to pay any moneys collected into court. This action was brought to compel defendant to transfer to plaintiff shares of stock equal in amount to those so transferred by M. to D., issue certificates therefor and to recover any dividends on said shares since the transfer of them by M. An order was subsequently made in the Canadian action, all the parties having appeared, amending the judgment *nunc pro tunc*, by appointing defendant trustee of the estate of D. The complaint herein was dismissed on the ground that plaintiff did not have capacity to sue in this state. *Held*, error; that M.,

not only as trustee, but by the assignment from the executrix of the stock and the issuing to him of a new certificate, became the legal owner and could, as such, have maintained an action here; that the Canada court had power to amend its judgment so as to cause it, as amended, to have effect as of the date of the original entry; that plaintiff was legally appointed trustee and succeeded to the title of M., although there was no formal transfer to it; and that, therefore, standing upon that title, it could maintain an action here as trustee.

(Argued June 5, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 28, 1889, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

This action was brought by plaintiff, as substituted trustee under the will and codicil of George H. Dunscomb, deceased, to recover certain shares of the stock of the Chicago, Burlington and Quincy Railroad Company, alleged to have been wrongfully transferred.

On the 14th day of October, 1870, George H. Dunscomb, a resident of Coburg, in the province of Ontario and dominion of Canada, made and executed his will, disposing of his estate, in which he appointed his wife Harriet Catharine Dunscomb, and his brother John William Dunscomb, executors thereof, and afterward on the same day he executed a codicil to his will, as follows:

"I, George Hoyles Dunscomb, in the within will mentioned, declare this to be a codicil to my last will and testament.

"In the event of my having issue by my wife Harietta Catharine Dunscomb, I give, devise and bequeath to my said wife for the term of her natural life, the income from all the real and personal estate that I may die possessed of, and on her death to the child or children of our marriage now living or who may be living at the time of my death, or born after my death, to be divided equally among them, share and share alike.

"The real and personal estate to be realized by my trustee, either at public or private sale, whichever may in the discre-

tion of said trustee be deemed best for the interest of my estate, at the death of my wife, and divided among the issue of my marriage as above directed.

"And I do appoint Charles H. Muirheid, of the City of Philadelphia, in the State of Pennsylvania, in the United States of America, as trustee under this my will, to collect and receive and pay over the income of the trust estate therein comprised to my wife, if she survives me, during her life, and at her death to dispose of the said real and personal estate as above described.

"And I bequeath to the said Charles H. Muirheid for his services as trustee, the usual commission."

Thereafter the testator died and his will was duly proved, admitted to probate in Canada, and John W. Dunscomb having renounced as executor, letters testamentary were issued to Mrs. Dunscomb. At the time of the death of the testator he owned 161 shares of the capital stock of the Chicago, Burlington and Quincy Railroad Company, and Mrs. Dunscomb, as executrix, transferred the certificates of stock to Charles H. Muirheid, as trustee, and he surrendered the certificates thus transferred to him to the railroad company, and it by the National Bank of Commerce, as its agent, issued new certificates of the stock to him as trustee for Mrs. Dunscomb under the will of her husband. He subsequently sold the stock, and the railroad company, through its agent, issued new certificates of stock to the purchaser thereof, and Muirheid converted the proceeds to his own use, and subsequently died insolvent. Thereafter an action was commenced in the High Court of Justice, Chancery Division, in Canada, for the appointment of a successor in the trust of Muirheid in which Mrs. Dunscomb was plaintiff, and the administrator of the estate of Charles H. Muirheid and George Hoyles Dunscomb, an infant son of the testator, were defendants. In that action the plaintiff asked for relief, that a new trustee be appointed in the place of Charles H. Muirheid, deceased, and that such new trustee be authorized to take, accept and receive the securities and have the management and control thereof

according to the provisions of the will and codicil of George H. Dunscomb, deceased; and to dispose of the income, revenue, dividends and receipts thereof in accordance therewith, and to carry the same into effect. The defendants in this action were properly served with process and brought into court, and all parties being in court, and upon reading the pleadings and affidavits and after hearing counsel, the court, on the 30th day of May, 1883, ordered and adjudged "that the Toronto General Trust Company be, and they are hereby appointed trustees to collect and get in the outstanding assets and estate of George Hoyles Dunscomb, deceased, the testator in the pleadings named, as they accrue due, and to pay any moneys, when collected, into court to the credit of this cause, subject to further order;" and it made provision for the costs of the action. The Toronto General Trust Company was by the Canadian law authorized to act as trustee in such a case, and this action was commenced on the 6th day of July, 1883, and the foregoing facts and other material facts were alleged in the complaint. The complaint prayed judgment as follows: "that the defendants be ordered to deliver and transfer to said plaintiff 295 shares of the said Chicago, Burlington and Quincy Railroad Company, and to issue to this plaintiff, as trustee as aforesaid, certificates of stock for said 295 shares, and to pay to said trustee all dividends on said shares since the alleged transfer thereof, with interest thereon from the date the same were payable. And plaintiff further prays that if it is impossible for the said defendant companies to issue or transfer said stock to plaintiff, that then and in that case the said companies be decreed to pay over to said plaintiff the value of said stock, together with all such dividends as aforesaid, and interest thereon, and that the plaintiff may have such other and further relief as in the premises may be just, besides the costs of this action."

After the commencement of this action, on the 27th day of July, 1883, the parties to the Canadian action again appeared in the Canadian court, and the following order was entered: " This Court doth order and adjudge that the Toronto Gen-

eral Trust Company be, and they are hereby appointed trustees of the estate of George Hoyles Dunscomb, deceased, the testator in the pleadings named, and that they do pay any moneys, when collected, into Court to the credit of this cause, subject to further order; and that such amendment take effect as of the day of the date of the said judgment."

The trial court dismissed the complaint herein on the ground that the plaintiff did not have capacity to sue in this state, and the judgment was affirmed by the General Term upon the same ground.

*F. K. Pendleton* for appellant.    The incapacity to sue appeared on the face of the complaint and was waived by the answer.    (Code Civ. Pro. §§ 488, 489, 499; *Zabriskie* v. *Smith*, 13 N. Y. 322; *Depuy* v. *Strong*, 4 Abb. [N. S.] 340; *Robbins* v. *Wells*, 18 Abb. Pr. 191; *Moselman* v. *Coen*, 34 Barb. 66; *Brown* v. *S. K. R. Co.*, 18 N. Y. 495.)    A trustee appointed in the place of a deceased trustee by decree of a foreign court, having jurisdiction of the subject-matter and of the parties, may sue in the courts of this state, although such appointment has not been made by a New York court, or the will probated in New York.    (*Pugh* v. *Hurtt*, 52 How. Pr. 22; *Rank* v. *St. John*, 20 Barb. 587; *Willits* v. *Wait*, 25 N. Y. 577; *Hoyt* v. *Thomson*, 5 id. 320; *Barclay* v. *Q. M. Co.*, 6 Lane, 25; *Cook* v. *Town of Orange*, 48 Conn. 401; *Bank* v. *McCloud*, 38 Ohio St. 174; *In re Waite*, 99 N. Y. 433; *Peterson* v. *C. Bank*, 32 id. 1; *De Nobele* v. *Lee*, 15 J. & S. 372; *Smith* v. *Welsh*, 1 Barb. 231; *Middlebrook* v. *M. Bank*, 3 Keyes, 135; *Judson* v. *Gibbons*, 5 Wend. 224; *Parsons* v. *Lyman*, 20 N. Y. 103; *Laurence* v. *Laurence*, 3 Barb. Ch. 71; *Holden* v. *N. Y. E. R. R. Co.*, 78 N. Y. 286; Pom. Eq. Juris. §§ 1086, 1087; *People* v. *Norton*, 9 N. Y. 176; *In re Webb*, 11 Hun, 124; Story on Conflict of Laws [3d ed.], 731, § 514; *Pepin* v. *Lochenmeyer*, 45 N. Y. 27; 6 Wend. 447; *Backlin* v. *Backlin*, 1 Abb. Ct. App. Dec. 242; *In re Howell*, 61 How. Pr. 179; *De Peyster* v. *Beekman*, 56 id. 91.)    The rule of law is well settled that where stock of a

corporation stands in the name of a person as trustee and the certificates are issued to him as trustee, and under the terms of the trust he is not authorized to transfer the stock; the corporation, if it permits a transfer on the books and issues new certificates to the transferee, is liable to make good any loss to the trust estate. (*Loring* v. *Saulsbury Mills*, 125 Mass. 138; Angell & Ames on Corp. § 587; *Lowrey* v. *C. & F. Bank*, Taney, 311; *Bayard* v. *F. & M. Bank*, 52 Penn. St. 232; 32 Hun, 190; *Leitch* v. *Wells*, 48 N. Y. 585; Perry on Trusts, §§ 766, 767, 773, 783, 509; Lewin on Trusts [8th ed.], 426; *Drake* v. *Whitemore*, 5 DeG. & S. 619; *Blacklow* v. *Laws,* 2 Hare, 40; *Kellaway* v. *Johnson*, 5 Beav. 319.) Where property is left in trust to pay income to one person for life, and on his death to be sold, there is no power in the trustee to sell before the death of the life tenant. (*Johnstone* v. *Baber*, 8 Beav, 233; *Mills* v. *Dugmore*, 30 id. 104; Perry on Trusts, §§ 509, 764, 773, 783.) No consent by the widow could extend the powers of the trustee. If available at all, the defense of acquiescence must be on the ground of estoppel. (Perry on Trusts, §§ 467, 849, 859; *In re Birch*, L. R. [27 Ch. Div.] 622; *Loners* v. *Brunigo*, 5 Redf. 32; *Waldron* v. *Ritchings*, 3 Daly, 288; *Graves* v. *Cameron*, 9 id. 152; *Cresswell* v. *Dewell*, 4 Giff. 460; *Griffith* v. *Porter*, 25 Beav. 226; *Prevost* v. *Gratz*, Pet. 481; *Raby* v. *Ridehalgh*, 7 DeG., M, & G. 104; *Sawyer* v. *Sawyer*, L. R. [28 Ch. Div.] 595; *Butler* v. *Butler*, 5 id. 554.)

*Elihu Root* for railroad company, respondent. If the order of July 27, 1883, had appointed the plaintiff trustee under the will, in place of Muirheid, it would not have affected the rights of the parties to this suit. (1 Abb. New Tr. & App. 270; *In re Livingston*, 34 N. Y. 557; *Bank of Rochester* v. *Emerson*, 10 Paige, 359; *Sage* v. *R. R. Co.*, 93 U. S. 417.) The authority given to the plaintiff by the order of May thirtieth was not sufficient to authorize it to commence a suit even in Ontario, much less here. (*Finke* v. *Funke*, 25 Hun, 616; *Foster* v. *Townshend*, 68 N. Y. 206; *Herring* v. *N. Y., L. E.*

& W. R. R. Co., 105 id. 340 ; Ogden v. Arnault, 29 Hun, 150 ; Pom. Eq. Juris. § 1336 ; Beach on Receivers, §§ 650, 651 ; Screven v. Clark, 48 Ga. 41 ; High on Receivers, § 208.) If the order of the Canadian court had expressly authorized the plaintiff to bring suits, such suits could not have been brought in the plaintiff's own name. (Harlem v. F. Co., 32 Fed. Rep. 307 ; Yaeger v. Wallace, 44 Penn. St. 294 ; U. S. T. Co. v. N. Y., W. S. & B. R. R. Co., 101 N. Y. 483 ; Keeney v. Ins. Co., 71 id. 396 ; High on Receivers, § 209 ; Beach on Receivers, § 688.) Even if, before the commencement of this suit, the plaintiff had become by virtue of the proceedings in the Canadian court, trustee under Dunscomb's will in the place of Muirheid, it would not have been authorized to maintain this suit within this jurisdiction. (Curtis v. Smith, 6 Blatch. 537 ; Williams v. Stores, 6 Johns. Ch. 343 ; Morrell v. Dickey, 1 id. 153 ; Jenkins v. Lester, 131 Mass. 355 ; Booth v. Clark, 17 How. [U. S.] 322.) There has been no waiver by the defendant railroad company of the foregoing points. (Bank v. Landon, 45 N. Y. 413 ; Code Civ. Pro. §§ 492, 1316 ; Ayres v. R. R. Co., 45 N. Y. 260.)

Frederick A. Ward for National Bank of Commerce, respondent. If we concede, for the sake of argument, that a foreign tribunal can by an order made weeks after the commencement of a suit here, by its appointee, amend its judgment so as to confer nunc pro tunc powers exercisable in a suit already commenced in this jurisdiction, in addition to those given by the original judgment, without notice, it is still manifest that under neither nor both orders had the plaintiffs the right to maintain this action. (Curtis v. Smith, 60 Barb. 11 ; Curtis v. Smith, 6 Blatch. 537 ; Andrews v. Heriot, 4 Cow. 529 ; Morrell v. Dickey, 1 Johns. Ch. 153 ; Dolittle v. Lewis, 7 id. 45 ; Parsons v. Lyman, 20 N. Y. 112 ; Petersen v. C. Bank, 32 id. 21, 40, 41 ; II. N. Bank v. Lacombe, 84 id. 384 ; Jenkins v. Lester, 131 Mass. 355 ; Booth v. Clark, 17 How. [U. S.] 322, 334, 338 ; Williams v. Storrs, 6 Johns. Ch. 353 ; Glen v. Gibson, 9 Barb. 634 ; Rogers v. McLean, 31

id. 304, 309; *H. Ins. Co.* v. *Taylor*, 2 Robt. 278; *Kropff* v. *Poth*, 19 Fed. Rep. 200; Story on Confl. of Laws, §§ 512, 513, 514; *Bingham* v. *Luddington*, 12 Blatch. 243; *Atty.-Genl.* v. *City of London*, 3 Brown's Ch. 171; *Ex parte Robert*, 2 Strob. 88, 89.) If the appointment of the plaintiff's in Canada was valid there, before they can sue here they must be reappointed here. (Story on Confl. of Laws, § 504; *Andrews* v. *Heriot*, 4 Cow. 529; *Morrell* v. *Dickey*, 1 Johns. Ch. 153; *Curtis* v. *Smith*, 6 Blatch. 537; *In re Webb*, 11 Hun, 124; *Noonan* v. *Bradley*, 9 Wall. [U. S.] 395; *Hobert* v. *C. T. Co.*, 151 Conn. 145; *Riley* v. *Riley*, 3 Day, 74; *Champlain* v. *Tooley*, Id. 303; *Robinson* v. *Crandall*, 9 Wend. 425; *Williams* v. *Storrs*, 6 Johns. Ch. 353; *Peterson* v. *C. Bank*, 32 N. Y. 44.) Upon the death of the testamentary trustee, Muirheid, the trust created by the Dunscomb will, so far as it related to personal property situated in this state, vested in the Supreme Court, and in this court was the only tribunal which had the power to appoint a new trustee of that property, and for that reason the plaintiffs have no standing in our courts. (*Glen* v. *Gibson*, 9 Barb. 634, 638; 1 R. S. 730, § 68.)

EARL, J.  The complaint in this action was dismissed on the sole ground that the plaintiff did not have legal capacity to sue in this state; and, therefore, it is proper for us to consider only the question whether it did have such capacity.

The codicil to the will of the testator created a valid trust, and, although there were no words of gift to the trustee, he took the legal title to the trust estate. Such a title is necessary for the purposes of the trust, and hence it must be presumed that the testator meant to give it. (*Oates* v. *Cooke*, 3 Burr, 1685; *Doe* v. *Homfray*, 6 Ad. & El. 206; *Doe* v. *Woodhouse*, 4 T. R. 89; *Leggett* v. *Perkins*, 2 N. Y. 297; *Tobias* v. *Ketchum*, 32 id. 319; *Killam* v. *Allen*, 52 Barb. 605.)

Muirheid, the trustee, could have maintained an action in the courts of this state to recover any of the trust property by anyone wrongfully detained here or for the wrongful conver-

sion of such property, or for damages thereto.    Such an action would not have been in a representative capacity, but in his own right as the legal owner of the property.    It might have been necessary for him, upon the trial of such an action, to prove the will and put it in evidence for the purpose of showing his title; but it would not have been necessary for him to have the will admitted to probate in this state.    (Williams on Exrs. [2d Am. ed.] 226, note; Id. [7th London ed.] 362, note; *Judson* v. *Gibbons*, 5 Wend. 224; *Middlebrook* v. *M. Bank*, 3 Keyes, 135; *Smith* v. *Webb*, 1 Barb. 230.)    So much is true as to the trust property generally.    But here there is more. The executrix of the will assigned this stock to the trustee, and the defendants issued to him as trustee a new certificate therefor, and thus he became the legal owner thereof, and could, as such, have maintained an action here in reference to the same without probate of the will here, as a legatee under a foreign will of specific chattels can, after assent to the legacy by the executor, maintain an action here to recover such chattels being in this state, without probate of the will here.    So, if Muirheid had legal capacity to sue here, any one to whom he lawfully transferred his title had the same capacity.

It, therefore, remains only to be inquired whether the plaintiff has succeeded to Muirheid's title in such way that it has legal capacity to commence this action.    It is not disputed that under the law of its being, it had the capacity to become trustee of this trust.

It was the plain purpose of the Canadian action to procure the appointment of a new trustee in the place of Muirheid, and that was a portion of the relief demanded.    The action was brought in a court of general jurisdiction and the court had jurisdiction of the subject-matter, and acquired jurisdiction of all the necessary parties.    It had all the parties in open court, and upon proof and admissions rendered judgment which was properly entered.    The judgment as entered was final, not interlocutory or provisional.    It was somewhat informal and imperfect in its phraseology.    But reading the complaint and considering the purpose of the action, and the

relief demanded, there can be no doubt that it was the intention of the court to appoint the plaintiff trustee in the place of Muirheid. But whatever doubt there is as to the effect of the judgment as originally entered is removed by the order subsequently made amending the judgment *nunc pro tunc* so as to make it conform to the judgment as originally pronounced. Between the entry of the original judgment and the amendment thereof, no new rights had intervened, and hence the court had the power to amend the original judgment so as to cause it as amended to have effect as of the date of its original entry. Such amendment was in furtherance of justice and worked no injustice to anyone. That the amendment under such circumstances was properly made cannot be successfully questioned. (*Wright* v. *Nicholson*, decided in the U. S. Supreme Court, March 3, 1890.)

There can be no doubt, therefore, that the plaintiff was legally appointed trustee in Canada. While there was no formal transfer of the title of the trust estate to it, it was put in the place of Muirheid and took the same title he had, and it thus took the legal title as trustee to whatever there was of the trust estate.

Having thus been clothed with the title to the trust estate in Canada by proceedings in the Canadian action, can it, standing upon that title, maintain an action here as trustee? We think this question was erroneously answered in the negative in the court below.

It is the general rule that he who is the legal owner of property may maintain an action wherever it may be for its recovery, or for damages for its conversion. Generally, his capacity to sue in such cases grows out of his legal ownership. It is believed that there is no exception to the rule where the legal owner sues in his own right and not in a representative capacity. In such cases all owners stand upon the same footing. But the rule is somewhat modified when one sues in a representative capacity. Foreign executors and administrators cannot sue here for reasons of public policy. The courts will not lend their aid to them in the removal of the assets from

this state to the possible prejudice of domestic creditors. (*Petersen* v. *C. Bank*, 32 N. Y. 21.) Yet such personal representatives may make transfers of property which will be recognized as legal here. They may execute valid releases of debts due here, and they may come here and remove property from the state whenever they can do so without being obliged to ask the aid of our courts; and foreign receivers and assignees taking their title to property by virtue of foreign laws or legal proceedings in foreign courts may come here and maintain suits in our courts when they do not come in conflict with the rights or interests of domestic creditors; and why may not this trustee? Its position is not like that of an executor or administrator, who is simply a representative of a dead person, gathering in and administering upon property for the benefit of others. But it is more like that of the legal owner of property who pursues it or brings suit about it for his own benefit. Its position is at least as favorable as that of foreign assignees of bankrupt and insolvent debtors, or of receivers of insolvent foreign corporations, who may come here and, by the comity of nations, maintain actions here when they do nothing to the prejudice of domestic creditors. (*In re Waite*, 99 N. Y. 433.) Here there are no creditors who have any claims upon or interest in the property involved in this action.

We purposely abstain from examining the merits of this action, as they are not properly before us. We simply decide that the plaintiff has capacity to bring this action, and hence the judgment should be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.