FRED WILLIAMS, Appellant, *v.* BERNARD LANDE and JOHN B. POWELL, Respondents, Impleaded with THOMAS J. MONTGOMERY and THE STATE TRUST COMPANY.

74h     425
39 Mis¹362

74h     425
81 AD¹496

*Contract suspending the transfer of personal property — suspension for a period other than during two lives.*

A contract which provides that certain shares of stock shall not be sold, but shall be delivered to and held by a third party, for a given period, is condemned by the statute relating to accumulations of personal property (1 R. S. 773), unless the period of such suspension of "absolute," that is, unconditional and unincumbered "ownership," is measured by two lives in being.

The statute applies alike to wills and other written instruments.

APPEAL by the plaintiff, Fred Williams, from an order or decree of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 17th day of May, 1893, dismissing the complaint as to the answering defendants, Bernard Lande and John B. Powell, and also from a judgment entered in accordance with such order on the 6th day of June, 1893.

The action was brought by the plaintiff (claiming to be entitled to $543,750 of the capital stock of the Hydraulic Brake Company, a corporation organized under the laws of the State of New Jersey with a capital of $5,000,000) to compel the specific performance of an agreement entered into between the defendants Montgomery, Lande, Powell and himself, whereby it was agreed that each of such parties should deposit the certificates of the stock of that company belonging to each of them respectively (which were thereafter to be issued) in the Central Trust Company of the city of New York, not to be withdrawn therefrom within a period of six months from the date of the agreement (the agreement was dated November 2, 1892), without the written consent of each and every party thereto, unless sufficient of the treasury stock of the company should be sold to realize the sum of $30,000, in which event either of the parties was at liberty to withdraw his stock upon giving to the others five days' notice of such intention to withdraw.

The defendant Montgomery, as appears by this agreement, was the owner of $1,006,250 of the stock, and the defendants Lande and Powell of $775,000 each.

The plaintiff claims that the defendants have violated their agreement in that they have failed to deposit the stock in question with the Central Trust Company, and that the defendant Montgomery has made purchases of stock from the other parties to said agreement sufficient to insure to him a controlling interest, and that this is contrary to the spirit and letter of the contract referred to.

It is also alleged that the defendants have deposited their stock with the defendant The State Trust Company, subject to the fulfillment by the defendant Montgomery of the terms of this contract with the defendants Lande and Powell for the purchase of their stock.

The plaintiff asked for specific performance and for an injunction

restraining the defendants from transferring or delivering their certificates of stock to any person or persons except to deposit them with the Central Trust Company, pursuant to the terms of the agreement above mentioned, claiming that the object of the agreement was to preserve the condition of each of the parties with respect to his interest in the stock of the company for a period of six months, and to prevent during the same period any sales by the defendants or the plaintiff of their respective holdings of said stock, until sufficient treasury stock has been sold to realize the sum of $30,000 ; that unless the agreement referred to was carried out, the defendant Montgomery would obtain a controlling interest in the company, and that it would be impossible to sell any part of the treasury stock for the purpose of paying the necessary current expenses of the company, and that the plaintiff would be a minority stockholder.

The defendants Lande and Powell having answered, the cause was brought on for trial at Special Term, and upon motion of defendants' counsel the complaint was dismissed for failure to set forth a cause of action.

Judgment was entered accordingly, from which judgment the plaintiff has appealed.

*George H. Pinney,* for the appellant.

*Charles E. Rushmore,* for the respondents.

PER CURIAM :

We are content with the position taken in this case on the appeal from the order denying plaintiff's motion for an injunction *pendente lite.* (68 Hun, 416.)

Further reflection induces us to emphasize the assertion then made, that if the agreement was intended to restrain the disposition of the stock for a period of six months from its date, it was in violation of the statute relating to accumulations of personal property and expectant estates in such property ; the statute reads : " The absolute ownership of personal property shall not be suspended by any limitation or condition whatever, for a longer period than during the continuance and until the termination of not more than two lives in being at the date of the instrument containing such limita-

tion or condition ; or, if such instrument be a will, for not more than two lives in being at the death of the testator."

Justice ALLEN, speaking for the court in *Converse* v. *Kellogg* (7 Barb. 597), had under consideration the meaning which should be given to the word "absolute," which had, prior to that time, been introduced into the statute. He said that "the word 'absolute' was doubtless used as the opposite of 'conditional,' and in the same sense as 'perfect.' It signifies without any condition or incumbrance."

This construes the statute as if it read : "The unconditional and unincumbered ownership of personal property shall not be suspended by any limitation or condition whatever." And, clearly, a contract which provides that certain shares of stock shall not be sold, but shall be delivered to and held by a third party for a given period, is condemned by that statute, unless the period of suspension is measured by two lives.

Vice-Chancellor HOFFMAN, in *Butler* v. *Butler* (Hoff. Ch. 347), remarked : "The rule is inflexibly established that there can be no limitation of personal estate by which the power of entire alienation shall be suspended for a longer period than the continuance of two lives" — an interpretation of the statute which accords with the views of Justice ALLEN already alluded to, and has been followed in many subsequent cases, including *Manice* v. *Manice* (43 N. Y. 303), and nowhere, so far as we have observed, criticized. It commands the determination that an agreement which prohibits the sale and transfer of personal property for a period other than provided by the statute, is condemned by it and, therefore, invalid.

Instances in which efforts to outwit the statute have been brought to the attention of the courts have generally arisen under wills, but the statute applies alike to wills and other written instruments.

It follows that the authorities, in so far as they discuss what accords with and what violates the provision of the statute, providing how the term of suspension shall be insured, are alike applicable to both wills and contracts.

A few instances of unsuccessful efforts to avoid the rigor of the statute may be cited. In *Cruikshank* v. *Home of the Friendless* (113 N. Y. 337) and *People* v. *Simonson* (126 id. 299), the trusts were to continue until the Legislature should authorize by appropri-

ate enactment an incorporation such as testator desired should receive the estate; in *Garvey* v. *McDevitt* (72 N. Y. 556) the duration of the trust was sought to be limited to a period of four years immediately after testator's death; in *Killam* v. *Allen* (52 Barb. 605), until the payment and extinction of certain mortgages; in *Moore* v. *Moore* (47 Barb. 257), until the reformation of a person, not exceeding three years. Other cases might be cited, but need not be, for with one accord they declare the statute violated whenever a suspension of the power of entire alienation of personal property is attempted for any other term or period whatever than that authorized by statute.

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.