(39 Misc. Rep. 358.)

### DRESSER v. TRAVIS et al.

(Supreme Court, Special Term, New York County. December, 1902.)

1. WILLS—CONSTRUCTION—ACCUMULATION OF PROFITS.

Testator devised his real estate, to his executors as trustees, in four described parcels; the trustees to receive the rents, and out of the first proceeds pay a mortgage on one parcel of it and his debts, and thereafter pay the residue of the rent of each of the four parcels to his four surviving daughters for life; the remainder to go in fee to the children of such daughters. Held void, because an accumulation of rents and profits which was not for the benefit of the minors during their minority.

2. A E—SUSPENSION OF ALIENATION.

A will providing for a trust, and for payment out of the proceeds of a mortgage on the property held in trust, and then for the income to the children of testator, and for distribution of the principal, on the death of such children, among their children, is void because illegally suspending the power of alienation for a period longer than the lives in being.

3. SAME.

The purpose of the testator in creating a trust fund was the division of the income equally among his daughters for life; the will also providing for an accumulation to pay off a mortgage on one portion of the property, and the debts of testator, so as to make the shares equal. Held, that such provision, which was unlawful, as an illegal accumulation of

profits, was so inseparably connected with the trusts as to make all the trusts void.

4. PARTITION—LIMITATIONS.
　　A cause of action for partition being a continuing one during the co-tenancy, limitations cannot run against a co-tenant suing for partition.

5. TRUSTEE—ADVERSE POSSESSION.
　　Where, under a will, a trustee has only a power to distribute the income of the trust property, he cannot acquire a title thereto by adverse possession.

6. ESTOPPEL—ACQUIESCENCE.
　　Where a beneficiary under a trust in a will acquiesces for 29 years in the carrying out of the will and receiving the income under the trusts, she is not estopped to sue for partition of the estate on the ground of the invalidity of the trusts.

7. SAME.
　　Where a beneficiary under a trust in a will for 29 years accepts the income from the trusts, she is estopped from thereafter questioning the past acts of the trustee, though the provision in the will may be invalid.

8. TESTAMENTARY TRUST—VALIDITY.
　　Where a trust under a will is void, no executed family agreement can validate it.

9. PARTITION—SALE OF PROPERTY.
　　Where a will provides that four parcels of real estate shall be held in trust, each for a daughter of the testator, and the trust proves invalid, and the parcels are of unequal value, in a suit in partition by one of the beneficiaries all of the parcels must be sold.

Action by Catherine M. Dresser against Martin V. B. Travis and others for partition. Decree for plaintiff.

Wilson M. Powell and John M. Scribner, for plaintiff.
John M. Bowers, for defendant Martin V. B. Travis, trustee, etc.
Thomas Nelson, for defendant Mary E. Travis.
John C. Travis, for defendants Viola H. Carpenter and Virginia H. Mills.
Edward Wells, for defendant John C. Travis.
Arthur Lovell, for defendant George H. Dresser.
T. Channon Press, for defendants McCauley and Ritter.

CLARKE, J. Action brought under section 1537 of the Code of Civil Procedure for a partition or sale of the premises described in the amended complaint by a daughter and heir at law of John C. Hart, deceased, alleging that an apparent devise thereof in his will is void. On May 3, 1872, John C. Hart died seised of the premises described, leaving a will and two codicils, admitted to probate in Westchester county June 5, 1872, and leaving a widow and four daughters, all of age at the time of their father's death. The widow is now dead, but the four daughters are all living. The testator, after directing the payment of all his just debts and funeral expenses, devised unto his executors the real estate in the city of New York owned by him, "hereinafter designated and described as parcels Nos. 1, 2, 3, and 4, and hereinafter denominated and referred to as 'trust estate,' and described as follows." And thereupon follows the description of a number of different pieces of real estate, divided into four parcels. He then provided that if the title to any one or more of the said four parcels during the continuance of the trust should

prove defective or become invalidated, and the same be lost to, and no longer form a part of, his estate, then he directed his executors to divide the remaining portion of such trust estate in four equal shares, value and income of the same being considered, "and the shares of such division shall assume and bear the designation of the original parcels, 1, 2, 3, and 4, and be represented and stand in the same distinctive relation to the trust as the original parcels. * * * To have and to hold the same in trust, to let and lease the same, * * * to collect the rents, issues, and profits of said trust estate, and out of the first proceeds thereof to pay off, cancel, and discharge the mortgage now a lien upon said parcel No. 1, and such other liens, incumbrances, and indebtedness to which the said whole trust estate at the time of my decease may be subject and charged with." Thereafter the residue of the rents of each of the four parcels was to be paid to each of the four daughters during her life. Upon their respective deaths, each parcel was given to her children in fee. Upon parcel No. 1 there was a mortgage for $22,000. The other parcels were unincumbered. At the time the will was read, on the day of the burial, all of the four daughters and the executors and trustees were present. The conversations then and at frequent subsequent meetings were to the effect that the mortgage and debts must be paid before the daughters could receive any income, and that they must economize, live with their mother, and hasten the payment of the mortgage and debts. To this they all agreed, and acted accordingly. The executors, in all these frequent interviews, explained the situation of the estate, and their progress in carrying out the will. The mortgage on parcel 1 was paid in installments out of the rents, as well as all the debts of the estate. The mortgage being $22,000, the rest of the debts so paid made a total of $55,000. There is no question but that the family fully understood and acquiesced in this appropriation of income to payment of this indebtedness. All of the debts, including the mortgage, were fully paid by the 16th day of May, 1876. The executors filed their final account December 18, 1880, which was approved by plaintiff and the other beneficiaries in writing. The trustees have regularly accounted upon regular citations to the beneficiaries. The plaintiff either approved or failed to object to any of these accounts, and always received and receipted for her portions. The entire conduct of the executors and trustees from the probate of the will has been spread in exact detail upon the records of the court, the facts have always been known, and their conduct has been continuously passed upon and approved by confirmatory decrees. After this acquiescence in and approval of the provisions of the will, and the execution of the trust therein created from May, 1872, this action, after the decision by the court of appeals of Hascall v. King, was begun on October 23, 1901. And it is true that in the 29 years in which this trust had existed, unassailed, by reason of the changes in the city conditions the value of the different parcels no longer represented the fair and equitable division of his estate among his daughters that the testator accomplished at the time of his death. The will directs the accumulation of rents for the purpose of paying off a

mortgage on one parcel of the realty, and for the purpose of paying the debts of the decedent. Such provision is void for two reasons: It has been definitely determined in Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302, that the application of the income of a trust estate in the payment of mortgages is an accumulation in violation of the letter and the spirit of the statute which prohibits the swelling of an estate by the accumulation of income, except for the benefit of minors and during their minority. 1 Rev. St. p. 726, §§ 37, 38; Real Property Law (Laws 1896, c. 547) §§ 51, 76. The provision is further objectionable because there is a suspension of the power of alienation of the "trust estate," not limited by lives, but until the mortgage, incumbrances, and debts shall be paid. The realty was thereby rendered inalienable during such period as would be required to cancel these incumbrances. The absolute power of alienation may not be suspended for more than two lives in being at the creation of the trust estate. No suspension, however short, which is otherwise limited, can be maintained. The period required to pay off the mortgage and the other debts from the rents may exceed the duration of the lives of any two persons, and therefore the creation of a trust term for that period is forbidden, and must be declared void. Hone's Ex'rs v. Van Schaick, 20 Wend. 564; Tucker v. Tucker, 5 N. Y. 408; Jennings v. Jennings, 7 N. Y. 547; Hawley v. James, 16 Wend. 61; Boynton v. Hoyt, 1 Denio, 53. And it has been expressly held that a trust limited until the payment and extinction of certain mortgages is void. Killam v. Allen, 52 Barb. 605, cited with approval in Underwood v. Curtis, 127 N. Y. 523, 28 N. E. 585, and Williams v. Lande, 74 Hun, 425, 26 N. Y. Supp. 703.

It appearing that the provision for accumulation is void, the further inquiry is necessary whether or not it is so connected with the entire trust provision as to render the whole void. It is a familiar principle that when the main object of the trust is valid, and when the incidental and subsidiary provisions which are invalid may be cut therefrom without affecting the trust itself, the general plan of the testator will be preserved, but, when the invalid portion cannot be separated from the valid provisions without defeating the primary object of the testator, the will must fail. Kalish v. Kalish, 166 N. Y. 368, 59 N. E. 917; Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302; In re Butterfield, 133 N. Y. 473, 31 N. E. 515; Cowen v. Rinaldo, 82 Hun, 479, 31 N. Y. Supp. 554; Tilden v. Green, 130 N. Y. 29, 28 N. E. 880, 14 L. R. A. 33, 27 Am. St. Rep. 487. The principal object which testator had in mind was to divide his real estate included in the "trust estate" into four parcels, "four equal shares, value and income of the same being considered," so that his four daughters should obtain therefrom an income which should be equal or nearly equal for their several lives. For the purpose of effectuating his plan, he directed the payment of the mortgage on parcel No. 1 and of the debts out of the rents of the whole trust estate. This direction is so much a part of the primary intention that without it the plan could not be put into effect, for without such payment the shares of the daughters would not be equal. It therefore clearly appears that the direction to

accumulate cannot be cut out or lopped off, and leave the remainder of the trust operative, for, if we attempt to separate it from the subsequent trust, we destroy the testator's primary intent. The cases cited by the defendants are clearly distinguished by the fact that the invalid portion was separable from the valid. Hafner v. Hafner, 62 App. Div. 316, 71 N. Y. Supp. 1. In Kalish v. Kalish, 166 N. Y. 368, 59 N. E. 917, an intermediate trust, which was declared invalid because in contravention of the statutes against perpetuities and unlawful accumulations of rents and income, was lifted out of the will, and the first and third provisions were held valid. Judge Werner said:

"The void intermediate trust is for the benefit of the same legatees who take under the ultimate trust and remainders, respectively. The excision of the void trust simply gives immediate effect to those ulterior devises, which under it were to be postponed for five years. The same persons take in the same proportion as before."

In Hascall v. King, 162 N. Y. 134, 56 N. E. 515, 76 Am. St. Rep. 302, Chief Judge Parker said:

"The primary object of this testator, by the creation of this trust, was to provide an income for his wife; the accumulation for the purpose of paying the mortgages being secondary. Indeed, nothing was to be applied in payment of the mortgages until after the sum named by this testator should in each year be paid in full to his wife; the disposition of the balance being a mere ulterior, contingent direction, entirely distinct from the primary trust."

In the case presented it is impossible to lift the provision for the accumulation, and still carry out the intention of this testator to provide an equal division among his daughters. The very purpose of the accumulation was to render the division equal, and, if this accumulation fail, the plan of the testator cannot be carried out. As Mr. Justice Ingraham said in Clemens v. Clemens, 60 Barb. 366:

"It seems to me that these provisions are so connected with the whole trust, and dependent upon their connection with the residue, that no part of the trust could be carried out without working injustice, and giving to a portion of the family a larger share of the estate than was intended, if the whole trust could have been sustained."

The provision in the will for the trust estate is therefore void. As to that portion of the estate, the testator died intestate, and the four daughters inherited the property therein specified as heirs at law, and are tenants in common. An action for partition of the property may be maintained under section 1537 of the Code of Civil Procedure. The cause of action is a continuing one so long as the co-tenancy exists. There can be no bar to this action, as urged by the defendants, because of the statute of limitations, for there has been no time when the statute has begun to run against the plaintiff. Neither has there been any adverse possession in the trustee. His possession has been avowedly under the devise, and the possession of the trustee is the possession of the cestui que trust. The trustee could not obtain title by adverse possession, for he never has had the fee. He has merely distributed the income, allowing to others the possession and use of the land, and he would have only the interest required for the purposes of the assumed trust. As in Nicoll v. Walworth, 4 Denio, 385, the rents and profits of the land were received and applied to the support of the

beneficiary. The case is distinguishable from Bennett v. Garlock, 79 N. Y. 302, 35 Am. Rep. 517, where there was a trust to sell, necessitating a fee in the trustee.

The defendants further contend that the plaintiff is estopped from questioning the devise because she has acquiesced in carrying out the provisions of the will, receiving rents of her share for many years, and never objecting to the annual accountings in the surrogate's court. There is no estoppel. An heir at law is not estopped by any proceedings in the surrogate's court from attacking the validity of the will, as expressly provided in section 1537 of the Code of Civil Procedure. Corley v. McElmeel, 149 N. Y. 228, 43 N. E. 628; Bowen v. Sweeney, 89 Hun, 359, 35 N. Y. Supp. 400, affirmed in 154 N. Y. 780, 49 N. E. 1094. Moreover, the requisites of an equitable estoppel are not found in this case. The plaintiff has not, with knowledge, intentionally induced any persons ignorant of the facts to suffer loss. She has silently received for many years less than her share of the property. But it is difficult to see how her acquiescence could in any event have affected her status. She is an heir from the time of the decedent's death. Her participation in the distribution of the income of the property does not alter her right as heir to a division of the principal.

It is urged that this is a case where there is a family agreement as to the disposition of the decedent's property, and that, as the plaintiff was a party to such agreement, she is bound thereby. In Shimmel v. Morse, 30 Misc. Rep. 257, 63 N. Y. Supp. 322, cited in support of this contention, the plaintiff merely consented to an improper manner in which the trust created was executed by the executor. It was held that, having participated in the manner of its accomplishment, and received material advantages flowing from her assent, she could not attack its validity. The devisees under a valid will there undertook to dispose of the property in an improper manner. No case has been cited in which the provisions of an invalid will have been held binding because the devisees acquiesced in the carrying out of such provisions. In the case at bar the plaintiff has acquiesced in the distribution of income of property in which she thought she had the devise of a life estate, whereas she has inherited the fee. By such acquiescence the invalid provision in the will cannot be rendered valid, and a fee converted into an estate for life. The effect of the participation of the plaintiff in the arrangements which have been put into effect, and of her acquiescence in the surrogate's accountings, has been to settle the trustees' accounts, and preclude the heirs from questioning the disposition of the income up to the commencement of this action. The rule in that regard is well stated in Killam v. Allen, 52 Barb. 614:

"The surviving executor and trustee must be discharged from his trust upon a proper accounting to be had before a referee, to be appointed under an order to be entered for that purpose. Upon such accounting he must be charged only with such moneys as may remain in his hands unexpended in the execution of the trust. For while all parties acquiesced in its validity the trustee must be protected in all that he did in good faith for the purpose of executing it."

: It appearing that there are no infants, and that the property included in the trust estate is variously situated and of unequal value, let judgment for the plaintiff, decreeing partition, be entered, directing that the said property be sold, subject to a lease of No. 972 East Ninth avenue to the defendants McCauley & Caleb, made when the acting trustee was in charge of this property under the will, and before this action was commenced. The proceeds of the sale of all the said property shall be divided into four equal parts. The plaintiff and the defendants Travis, Carpenter, and Mills are each entitled to one-fourth part. Costs to the trustee and four sisters payable out of the estate. Judgment accordingly.