Catharine M. Dresser, Respondent,. v. Martin V. B. Travis, Individually and as Trustee under the Will of John C. Hart, Deceased, et al., Defendants.

In the Matter of the Application of James J. Coogan, Appellant.

Partition — Marketable Title. A lease, executed before the commencement of an action to partition the premises, purporting to run for a period of nearly three years thereafter, and which was subsequently assigned, is not such a cloud upon the title of a purchaser of the premises at the partition sale as to render it unmarketable where the lessee, who was made a party to the action, failed to appear or answer, and the final judgment decrees that each of the parties and every person deriving title to the property from a party after the filing of a notice of the pendency of the action shall be forever barred from any and all right, title and interest therein.

*Dresser* v. *Travis*, 87 App. Div. 632, affirmed.

(Argued January 6, 1904; decided February 9, 1904.) ·

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 12, 1903, which affirmed an order of Special Term denying the motion of petitioner to be relieved from his purchase of certain premises.

The facts, so far as material, are stated in the opinion.

*Henry B. Anderson* and *Chandler P. Anderson* for appellant. The objections raised by the purchaser were sufficient to justify his rejection of the title offered to him. (*Moore* v. *Williams*, 115 N. Y. 586; *Greenblatt* v. *Hermann*, 144 N. Y. 20; *Brokaw* v. *Duffy*, 165 N. Y. 399.)

*Wilson M. Powell* for respondent. The tenant in possession under an unrecorded lease was made a party and is bound by the judgment. He failed to appear or answer and prove his lease, and the judgment requires immediate possession to be given by him or any one claiming under him since the commencement of the action on production of the referee's deed.

(Code Civ. Pro. §§ 1631, 1632; *Kopp* v. *Kopp*, 48 Hun, 532.) There is no ground to question the title. (*Jordan* v. *Poillon*, 77 N. Y. 518; *Fleming* v. *Burnham*, 100 N. Y. 1; *Cambrelling* v. *Purton*, 125 N. Y. 610; *Monarque* v. *Monarque*, 80 N. Y. 320.)

WERNER, J. The appellant Coogan seeks to be relieved from his purchase of certain premises at the partition sale in the above-entitled action. His application is based upon various grounds, some of which have been discussed and disposed of in our opinion upon the appeal of another purchaser named Koss. (*Dresser* v. *Travis*—*Application of Koss*, 177 N. Y. 371.) We have here, however, one question that was not presented in the Koss appeal, and that is whether a lease in existence at the time of the commencement of the action, and purporting to run until October 1st, 1904, upon a portion of the premises purchased by the appellant Coogan, under terms of sale reciting that "the premises will be sold subject to leases to expire May 1st, 1903," is such a cloud upon the purchaser's title as to render it doubtful and unmarketable.

At the threshold of our investigation of this question we are reminded that the unanimous affirmance by the Appellate Division of the order denying Coogan's application to be relieved from his purchase compels us to assume that all the facts necessary to support the order were established in the court of original jurisdiction.

This limitation has an important bearing on this appeal because it precludes us from considering certain matters of fact referred to and relied upon by the appellant.

The facts which we must assume to have been established at Special Term are as follows: At the time of the commencement of the above-entitled action one John V. Higgins was in possession of a portion of the premises purchased by Coogan, under a lease from M. V. B. Travis as trustee, running until October 1st, 1904. This action for partition was commenced October 29th, 1901. A notice of the pendency thereof was then duly filed, recorded and indexed. Higgins

the lessee, was made a party and failed to appear or answer. He assigned his lease to J. Palm & Company, the present occupants, on March 17th, 1902, and the assignment was not recorded until January 21st, 1903, or nineteen days after the entry of the interlocutory judgment herein. It is true that the interlocutory judgment, the terms of sale, and the referee's deed tendered to the appellant, all show that the sale was made subject to leases expiring May 1st, 1903, but that of itself proves nothing so far as the lease to Higgins is concerned, for that runs to October 1st, 1904.

In this connection it will be observed that the interlocutory judgment contains no provisions relating to leases, except that the eighth parcel shall be sold subject to the lease thereon, and the remainder of the premises (including those purchased by Coogan) shall be sold subject to the lettings to expire May 1st, 1903. The final judgment is silent as to all the leases, but decrees " that each of the parties to this action and each and every person deriving title to said premises from, through or under a party after the filing of the notice of pendency of this action, be forever barred of and from any and all right, title and interest in and to the premises sold as aforesaid."

Upon these facts it cannot be doubted that Higgins, the original lessee, and J. Palm & Company, his assignees, are bound by the judgment herein. The appellant Coogan, therefore, took a title under which he could have invoked the mandate of the final judgment in partition to secure immediate possession of the premises purchased by him, and his objections to the title must be overruled.

The order of the Appellate Division should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and CULLEN, JJ., concur.

Order affirmed.