CATHARINE M. DRESSER, Respondent, *v.* MARTIN V. B. TRAVIS, Individually and as Trustee under the Will of JOHN C. HART, Deceased, et al., Defendants.

In the Matter of the Application of CHARLES G. KOSS, Appellant.

TRUST — MARKETABLE TITLE. A testamentary direction that the rents, issues and profits realized from designated real estate be paid to the testator's daughter during life and upon her death the *corpus* to go to her children then living and to her child or children who may be then deceased, *per stirpes* and not *per capita*, is ineffectual as a devise to any one except possibly her living children; her son's daughter, therefore, could have no possible interest in the property except as derived from him; and assuming the validity of the trust, she is not a necessary party to an action for partition of the property, in which he was made a party defendant; where, however, by a decree therein the trust has been determined invalid and the property is adjudged to have descended to his mother, who was living at the time of the commencement of the action, neither the son nor his daughter has any interest therein, and a purchaser at the sale cannot be relieved from his purchase upon the ground that the failure to make the granddaughter a party defendant renders the title unmarketable.

*Dresser* v. *Travis*, 87 App. Div. 633, affirmed.

(Argued January 6, 1904; decided February 9, 1904.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 27, 1903, which affirmed an order of Special Term denying the motion of petitioner to be relieved of his purchase of certain premises.

The facts so far as material, are stated in the opinion.

*Thomas C. Ennever* for appellant. Doubtful questions of law are involved and the purchaser should not be compelled to run the risk of having to litigate those questions with Marion Travis or her issue. (*Burnham* v. *Fleming*, 100 N. Y. 1; *Marks* v. *Halligan*, 61 App. Div. 179; *Brokaw* v. *Duffy*, 36 App. Div. 147; 165 N. Y. 391; *Abbott* v. *James*, 111 N. Y. 673; *Jordon* v. *Poillon*, 77 N. Y. 518.)

*Wilson M. Powell* for respondent. There is no ground to question the title. (*Jordon* v. *Poillon*, 77 N. Y. 518; *Fleming* v. *Burnham*, 100 N. Y. 1; *Cambrelling* v. *Purton*, 125 N. Y. 610; *Monarque* v. *Monarque*, 80 N. Y. 320.)

WERNER, J. The appellant Koss became the purchaser of certain lands at a partition sale in the above-entitled action. After he had paid the purchase money and received his deed, he tendered a return of the deed to the referee and demanded back his purchase money on the ground that the title was defective and unmarketable. Upon the referee's refusal to comply with the appellant's demand, the latter applied to the Supreme Court at Special Term to be relieved of his purchase and his motion was denied. Upon appeal to the Appellate Division the order of the Special Term was unanimously affirmed.

The question whether the appellant obtained a good and marketable title depends upon the construction of two paragraphs of the will of one John C. Hart, deceased, of whose estate the lands mentioned formed a part. By this will the testator divided his numerous pieces of real estate into four parcels called the "trust estate," which he devised to his executors upon various trusts, one of which was "to collect the rents, issues and profits of said trust estate and out of the first proceeds thereof to pay off, cancel and discharge the mortgage now a lien upon said parcel number one and such other liens, incumbrances and indebtedness as to which the whole trust estate at the time of my decease may be subject to and charged with."

The testator left him surviving four daughters, and the other provisions of the trust were to pay to them respectively, during their lives, the rents of the separate parcels, with remainder in fee to their respective children.

Upon the trial the plaintiff, who sought partition, contended that the testamentary direction to accumulate the rents of all the parcels, for the purpose of paying off the mortgage for $22,000.00 upon parcel number one was void, on the ground that it contravened the statute against the accumulation of income for the benefit of persons not minors, and that the trust was further void because it was to endure for a period measured by years instead of lives.

The surviving trustee under the will asserted the validity of the trust, and also claimed that if the direction to accumulate rents should be held to be invalid, it could be cut out of the will without material effect upon the general testamentary scheme thereof.

The issue thus tendered was decided in favor of the plaintiff, the trial court holding that the trust was invalid on both grounds and that the estate descended to the testator's heirs at law. Thereupon judgment was entered directing a sale of the real estate. It was sold in separate parcels to six different purchasers, four of whom have taken title without objection, while the plaintiff and one Coogan seek to be relieved from their purchases.

No appeal has been taken from the judgment of the trial court and the time to do so has expired. It is, therefore, the law of this case that the trust referred to is invalid and that all of the testator's real estate descended to his four daughters, all of whom are living.

Appellant's specific objection to the title is that one Marion Travis, who may have some interest in the testator's estate, was not made a party to the action and is, therefore, not bound by the judgment.

This Marion Travis is the infant daughter of John C. Travis, who is the son of Mary E. Travis, who is one of the four daughters of the testator. Mary E. Travis, as we have seen,

being one of the four daughters and heirs at law of the testator, took an absolute title by descent, so that neither her son John C. Travis, nor his daughter, Marion Travis, had any interest in the estate, and hence it was not necessary to make the latter a party to the action, and the failure to do so does not affect the appellant's title one way or the other.

Should we assume, however, that the trust was valid, no different result can be reached. As we read the will Marion Travis is in no event entitled to anything under it.

By the second paragraph of the will the residue of the rents, issues and profits realized from parcel number one of the trust estate is directed to be paid to the testator's daughter, Mary E. Travis, during her life. The third paragraph of the will directs that "Upon the death of my said daughter, Mary E. Travis, wife of Martin V. B. Travis, I give, bequeath and devise unto the children of my said daughter Mary E., then living, and to the child or children of said daughter Mary E. who may be then deceased, *per stirpes* and not *per capita*, the said parcel number one (No. 1) of said trust estate, to have and to hold the same to them and to their heirs forever."

John C. Travis, the only son of Mary E. Travis and the father of Marion Travis, is alive. He is a party to the action and is, of course, bound by the judgment. It is evident, therefore, that if Marion Travis has no interest in the estate, except such as she may get through her father, she is as much bound by the judgment as she could possibly be if she had been made a party to the action.

Upon a critical examination of paragraph three of the will, we find that there is no contingency under which Marion Travis could, in her own right, take any interest in the testator's estate, without a radical reformation of that paragraph involving the excision of some of its parts and the reading into it of extraneous language to effectuate that purpose. The substance of the third paragraph is, that upon the death of Mary E. Travis, the lands in parcel number one shall go to her children then living, and to her child or children then deceased, *per stirpes* and not *per capita*. This language,

literally accepted, is obviously meaningless and not what the testator intended to say. If there is any way in which children living and children dead can share in an estate *per stirpes*, it still remains to be pointed out. If we could amend the paragraph by inserting the words " of any deceased child" after the words " child or children," it would then provide for a division *per stirpes* between the children of Mary E. then living and the child or children " of any deceased child" of Mary E. But this would have to be followed by the excision of the words " who may be then deceased," because with these words left in the paragraph it would provide for a division *per stirpes* between the children of Mary E. then living, and the child or children of any deceased child of Mary E. *who may be then deceased*, and thus the whole would again be quite as senseless as it is now.

This simple illustration will suffice to show that the paragraph as it stands is ineffectual as a devise to any one, except possibly the living children of Mary E. Travis; and it is equally clear that it cannot be amended so as to effectuate the testator's probable intent without transcending the limits of judicial power. (*Brown* v. *Quintard*, 177 N. Y. 84.)

It follows that under no possible construction of the will could Marion Travis have any interest in the estate, of which the premises purchased by the appellant Koss formed a part.

The appellant's objection to the title, on the ground that Marion Travis was not made a party to the action, was, therefore, not well taken, and the order of the Appellate Division must be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and CULLEN, JJ., concur.

Order affirmed.