1. LIMITATION OF ACTIONS (§ 19*)—APPLICABILITY TO PARTITION SUIT.
   The statute of limitations does not apply either to partition actions or accounting therein.
   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 77; Dec. Dig. § 19.*]

2. TAXATION (§ 895*)—TRANSFER TAX—PROPERTY OWNED IN COMMON—IMPROVEMENTS BY CO-TENANTS.
   To value, for the purpose of the transfer tax, deceased's interest in land, which she owned with others in common, deduction should be made for permanent improvements made thereon by the others, presumably with knowledge of all, they having a right on partition to be reimbursed; and this though no partition proceedings have been commenced, and though it be probable that no contribution will ever be asked.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. § 895.*]

3. TAXATION (§ 895*)—TRANSFER TAX.
   Not so, however, as to taxes on the property paid by a stranger to the title; such payments not entitling him to a lien on the land.
   [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1719; Dec. Dig. § 895.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the property of Bridget Wood, deceased, subject to tax under the taxable transfer acts. From an order of the appraiser, appeal is taken. Order amended.

Charles M. Williams, for executor.

William T. Plumb, for State Comptroller.

BROWN, S. This is an appeal from an order made in the above-entitled matter upon the report of Hon. Robert Averill, appraiser, which order was entered on December 4, 1909.

It is claimed by the appellant that the property of the decedent is assessed too high. It appears that the estate of the decedent consisted solely of her interest in real estate, which she inherited with her brother and sister from their mother. After the mother's death the property was improved by the erection of buildings by the co-tenants. The decedent had no funds, and was unable to join in furnishing money for the building. The appraiser allowed $4,000 for money advanced by one of the co-tenants to help build a building, Nos. 114–116 Scio street, which building was a part of the common property; but the decedent had paid nothing or put up nothing to offset said $4,000 furnished by the co-tenant for the building thereof. I think this action on the part of the appraiser was correct; but the objection of the appellant is that he did not allow $8,098.80 more, which some 30 years ago was paid by a co-tenant of Mrs. Wood, the ancestor of the co-tenants of the decedent at the time of her death. It appears in evidence that such $8,098.80 was expended for new buildings on the premises owned in common by the decedent and her co-tenants; that said $8,098.80 was not offset by any similar or other contribution on behalf of the decedent in the building of such building; that the families lived in common, and had no accounting between one another.

I assume that the reason why the appraiser did not allow this $8,098.80 is that the claim was so old that he assumed that the statute of limitations applied, and he had no authority to allow it. If this was his reason, he was in error; for the statute of limitations does not apply to partition actions and accountings in partition actions, so long as the relation of co-tenancy exists. It is subject during its existence to equitable accounting during its entire continuance. 21 Am. & Eng. Ency. (3d Ed.) p. 1174, subd. "b," note 4. It has been held:

"That each tenant in common is not only vested with the title to his undivided interest in the common estate, but each holds a contingent interest in the entire title until all equities relating to the tenancy are adjusted. Thus, if one tenant has made necessary and lasting improvements on the common estate, or has paid the taxes legally assessed against it, he will hold the title of his co-tenants until he is reimbursed; or, if the property has passed by descent, and one of the heirs has received advancements, he must account for the advancements, and the other heirs will hold his title until their respective interests can be equalized in a partition proceeding."

Accordingly, it appearing that such improvements were made to the property, and considering the relations of these parties, living where each presumably knew what the other was doing, and the one having no property with which to make such improvements, the other co-tenants and their privies would be entitled upon a partition action to have

such improvement made upon the property allowed to them before a division of the proceeds, and the statute of limitations would not be a defense to such allowance. Ford v. Knapp, 102 N. Y. 142, 6 N. E. 283, 55 Am. Rep. 782; Jones v. Duerk, 25 App. Div. 551, 49 N. Y. Supp. 987; Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952.

The state of New York should tax only that which belonged to the decedent at her death, and if as between the parties there were equitable rights which would cut down the value of the real estate of the decedent, only the balance of such interest should be taxed. Notwithstanding the fact that no proceeding has been commenced, and notwithstanding the fact that it might be claimed that no contribution would ever be asked, nevertheless that does not justify the taxation of property that the decedent did not own and which does not pass to the heirs at law as her property; for from the authorities above cited I am of the opinion that the co-tenants could require contribution, and, if they did not, that would be a matter of graciousness on their part, and would not increase the value of the estate of the decedent passing upon her death subject to the transfer tax law. I accordingly reduce the amount of the value of the property of the decedent as fixed by the order herein on the report of the appraiser by the sum of $8,098.80, being the amount of advancements made by co-tenants in the building of buildings upon the common property, not allowed by the appraiser.

The appeal is also for the reimbursement of payments made for taxes by Mr. Kavaney. I disallow this, on the ground that these taxes paid by him were payments made by a person not a party to the title, in other words, not a co-tenant, and that any payments made by him are rather in the character of a loan than of a payment which entitles him to a lien on the land   I accordingly disallow the appeal on that item.

Let an order be entered herein, amending the order appealed from in accordance with this decision, without costs to either party as against the other.