(139 App. Div. 657.)

SMITH et ux. v. ALLEN et al.

(Supreme Court, Appellate Division, First Department. July 7, 1910.)

1. PARTITION (§ 19*)—POSSESSION—STATUTES—CONSTRUCTION.

Code Civ. Proc. § 1532, providing that, when two or more persons hold and are in possession of real property as joint tenants or as tenants in common, in which either of them has an estate of inheritance, etc., they may maintain an action for partition of the property, does not require a strict pedis possessio; and hence, where plaintiff was the owner of an undivided five-sevenths of the property as grantee of the heirs at law and the sole devisee, subject to the inchoate right of dower of his wife, and the property was in the actual possession of a temporary administrator, the possession of the latter was to be deemed that of the rightful owners, and plaintiff could maintain partition.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 60–63; Dec. Dig. § 19.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. PARTITION (§ 17*)—ESTABLISHMENT OF TITLE—WILL CONTEST.

　　Where plaintiff was the owner of an undivided interest in real property as grantee of the heirs at law and the sole devisee, subject to the inchoate right of dower of his wife, he was entitled to partition, without waiting for the final determination of a contest of the will; Code Civ. Proc. § 1542, providing for the entry of an interlocutory judgment of partition as between the party whose share has been determined and the other parties to the action.

　　[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 53–59; Dec. Dig. § 17.*]

3. PARTITION (§ 17*)—DETERMINATION OF TITLE—WILL CONTEST—STATUTORY PROVISIONS.

　　An action for partition by one owning an undivided interest in an estate as grantee of the heirs at law and of the sole devisee was not governed, though the probate of the will was contested, by Code Civ. Proc. § 1537, permitting partition by one claiming as joint tenant or tenant in common, by reason of his being an heir of a decedent dying in possession of real property, but providing that plaintiff must allege and establish that an apparent devise to another was void.

　　[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 53–59; Dec. Dig. § 17.*]

Appeal from Special Term, New York County.

Action by George C. Smith and another against Thomas J. Allen, in his own right and as administrator of the goods, etc., of Margaret L. Schultz, deceased, and others. From a judgment dismissing the complaint (121 N. Y. Supp. 939), plaintiffs appeal. Reversed, with directions.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and MILLER, JJ.

Lanman Crosby, for appellants.

Headley M. Greene and William P. Maloney, for respondents.

MILLER, J. This action is brought to partition lands of which Charlotte Miller died seised in 1901. A contest over the probate of her will is still pending. Margaret L. Schultz, the sole devisee named in the unprobated will, purchased the interests of five of the seven heirs at law, and thereafter conveyed to one Duff five equal undivided sevenths of the property, which the said Duff conveyed to the plaintiff. There is no suggestion that Charlotte Miller left any other will than the one in question; and it is not disputed that, when the action was commenced, the plaintiff was the owner of an undivided five-sevenths, as grantee of both the heirs at law and the sole devisee, subject to the inchoate right of dower of his wife. The property is in the actual possession of a temporary administrator.

But section 1532 of the Code of Civil Procedure does not require a strict pedis possessio. It requires a right to possession, as distinguished from the cases in succeeding sections. Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62, 20 L. R. A. 624, 33 Am. St. Rep. 697. The plaintiff was constructively in possession. The possession of the temporary administrator must be deemed that of the rightful owners. Plainly, therefore, the plaintiff was in a position to maintain partition. He could not allege in his complaint who owned the other undivided

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

two-sevenths, because that still remained undetermined. But section 1542 of the Code of Civil Procedure seems to provide for just such a case, and the plaintiff alleged that the interests of the other parties were uncertain and unknown to him, and could not be determined until it was finally adjudicated whether Charlotte Miller died intestate. The other undivided two-sevenths belongs either to her devisee, Margaret L. Schultz, or to the two heirs at law who have not conveyed to the said Margaret Schultz. There is no reason why the plaintiff should have his interest tied up until the final determination of the will contest, and the Code expressly provides for such a case. See section 1547, Code Civ. Proc.

The learned court at Special Term entertained the view that it was incumbent upon the plaintiff to allege and establish that the apparent devise of Charlotte Miller was void, as provided by section 1537 of the Code of Civil Procedure, and that the plaintiff was not in a position to maintain an action to determine the validity or effect of the testamentary disposition of the real property. But this action is not governed by section 1537, nor is it an action to determine the validity of a testamentary disposition. It is simply an action for partition, brought by the undisputed owner of an undivided five-sevenths, who has an immediate right to possession. If actual partition cannot be had, the share which is in dispute may be paid into court to await the determination of the will contest. As the facts are not in dispute, there is no reason why the usual interlocutory judgment should not be entered.

The judgment should be reversed, and an interlocutory judgment of partition and sale directed, with costs to appellants to be paid out of the proceeds of sale. All concur.