Ross WILLIS, Appellant, *v.* FRANK STERLING and Others, Respondents, Impleaded with RALPH WILLIS and Others, Defendants.

Fourth Department, December 18, 1928.

*Wilbur, Winslow & Bennison* [*Chester J. Winslow* of counsel], for the appellant.

*Charles D. Thomas,* for the respondents Frank Sterling and others.

*Kernan & Kernan* [*Warnick J. Kernan* of counsel], for the respondent New York Central Railroad Company.

CLARK, J. This action is brought for the partition of the lands described in the complaint. The property was owned by one Henry N. Staring, of Schuyler, Herkimer county, N. Y., at the time of his death, which occurred on the 1st day of April, 1869. He left a will which was probated in the Surrogate's Court of Herkimer county on the 24th day of May, 1869. Paragraph 2 of said will is as follows:

" I will and devise to my two sons, Nicholas J. Staring and James H. Staring, during their natural lives, share and share alike the use, income and enjoyment of my homestead farm, situate in Schuyler and bounded as follows: [Then follows the description] and at their decease the said lands are to descend to the *mail* [male] heirs of my said two sons, share and share alike, and should either of said sons die without male issue, then the said lands shall descend to the male issue of the other of said brothers, if he should leave any heirs as aforesaid. And in case either of said brothers Nicholas J. and James H. should die leaving male issue at his death his half of said lands, and the rents, issues and profits shall come immediately into the possession of the [deceased's] male issue."

The testator left him surviving two sons, Nicholas J. and James H. Staring. The members of the family adopted the name Sterling instead of Staring and this arrangement seems to have been satisfactory to all interested parties, although the record does not disclose by what authority the change was made.

Nicholas J. Sterling, who by the terms of his father's will had a life use in the premises in question, died on the 31st day of January, 1907, leaving three sons, Frank, Ralph and Herbert Sterling, the first two named being defendants in this action.

James H. Sterling, the other brother who was given a life use in the homestead property by the terms of the testator's will, died November 27, 1913, leaving a son, Willard Sterling, and two grandsons, children of a deceased daughter. Plaintiff is one of these grandsons, and he claims to be the owner of an equal undivided one-sixth part of said premises.

Defendants Frank Sterling and Ralph Sterling and defendant railroad company deny that plaintiff owns any interest in said

property, they claiming that plaintiff is not a male heir of James H. Sterling.

Said defendants also allege that the action is barred by the ten-year Statute of Limitations. (Civ. Prac. Act, § 53.)

Defendants Frank and Ralph Sterling acquired by purchase all interest in the property, except such as had previously been acquired by the State of New York and the defendant New York Central Railroad Company, and the interest, if any, of plaintiff and his brother Ralph Willis.

The defendant New York Central Railroad Company acquired by purchase the interest of all heirs except plaintiff and his brother, in the portion of said premises described in its deeds, which were dated October 23, 1902, and April 14, 1892, respectively, and the trial court has found that since said deeds were recorded, May 6, 1892, and November 5, 1902, respectively, said defendant, New York Central Railroad Company has been in actual possession of the lands described in said deeds.

Portions of said lands had previously been appropriated by the State of New York for Barge canal purposes, but it was stipulated at the trial that such portions would be excluded from the sale in partition.

The question to be determined here is whether plaintiff is a male heir of his grandfather, James H. Sterling. The words " heirs " and " issue " were used synonymously in the will of testator, and we think the trial court was right in holding that plaintiff owns an undivided one-sixth interest in the premises. (*Woodward* v. *James*, 115 N. Y. 346; *Soper* v. *Brown*, 136 id. 244.)

The testator evidently intended the property to go to his male descendants (*Matter of Farmers' Loan & Trust Co.*, 213 N. Y. 168), but that would not be limited to his male children.

Let us assume that there had been no will and that James H. Sterling had inherited from his father an undivided one-half interest in the premises. No one would question the fact that this plaintiff, a grandson, would have been in direct line of descent from his grandfather, James H. Sterling. (Decedent Estate Law, §§ 81–83.)

We, therefore, agree with the learned trial court that under the terms of the will in question plaintiff is entitled to an undivided interest in said property as a male descendant or heir of his grandfather, but are unable to follow the trial court in holding that the case is barred by the ten-year Statute of Limitations.

If plaintiff is the owner of an undivided interest in this property, as the trial court rightly held, he is a tenant in common with defendants Frank and Ralph Sterling and New York Central Railroad Company, and can maintain an action to partition it. (Civ. Prac. Act, § 1012.)

In order to maintain the action it was not necessary that he be in actual, physical possession of the property. The requirements of the statute would be complied with if he had a right to the possession. Plaintiff was entitled to possession of an interest in this property as a tenant in common thereof, and as such he can maintain an action for partition even though his cotenants were in actual, physical possession of the property (*Drake* v. *Drake*, 61 App. Div. 1; *Weston* v. *Stoddard*, 137 N. Y. 119; *Smith* v. *Allen*, 139 App. Div. 657, 658; *Kellum* v. *Corr*, 209 N. Y. 486) and the ten-year Statute of Limitations (Civ. Prac. Act, § 53) would not be a bar. (Civ. Prac. Act, § 35.)

Defendants Frank and Ralph Sterling had not held the property adversely to plaintiff, for they had held it less than twenty years. Plaintiff had not lost his title because of their adverse claim. He could begin his action to partition the property at any time before he lost title, and that event has not arrived. (*Dresser* v. *Travis*, 39 Misc. 358, 364; 30 Cyc. 190, 191.)

The defendant railroad company urges that it has been for more than ten years in open, absolute and exclusive possession of the portion of the property described in its deeds, and that, therefore, the ten-year statute applies to it. We, however, do not find evidence supporting its claim of adverse possession.

The judgments should be reversed on the law, and an interlocutory judgment for partition and sale directed in favor of plaintiff, with costs to appellant.

The third, fourth and fifth conclusions of law are disapproved and reversed, and this court makes the following conclusions of law in place thereof:

*Third.* That this action for partition having been commenced by a tenant in common owning a one-sixth interest in the property, is not barred by the ten-year Statute of Limitations.

*Fourth.* That plaintiff is entitled to an interlocutory judgment of partition and sale of the property described in the complaint, excepting the portions thereof appropriated by the State of New York for canal purposes, with costs.

All concur. Present — CLARK, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgments reversed on the law, with costs, and an interlocutory judgment of partition and sale directed in favor of plaintiff, with costs. Certain conclusions of law disapproved and new conclusions made.