ROY L. EATON, Plaintiff, v. CLYDE M. EATON and Others, Defendants.

Supreme Court, Trial Term, Cortland County, February 1, 1939.

*Jenks & Glezen*, for the plaintiff.

*H. C. & V. D. Stratton*, for the defendant Clyde M. Eaton.

PERSONIUS, J. Seymour S. Eaton died testate January 18, 1918, leaving a farm containing about 206 acres of land. By his will he devised all his property to his wife, Adelaide E. Eaton, " she to have the privilege of using the same as she shall see fit, and at her death the residue and remainder shall be divided between my two sons, Roy L. Eaton and Clyde M. Eaton, share and share alike." Clyde M. Eaton was named executor and qualified. The testator's wife died about May 19, 1925, intestate, leaving said Roy L. Eaton and Clyde M. Eaton as her sole surviving heirs and next of kin.

The complaint alleges that the said Roy L. Eaton and Clyde M. Eaton, upon the death of their mother, became and are the owners in fee simple as tenants in common of said property, each seized of an undivided one-half and that the defendant Clyde M. Eaton is in possession. It demands the sale and partition of the property and that the defendant Clyde M. Eaton render an account of the receipts and proceeds thereof during his occupation.

The defendant Clyde M. Eaton, here referred to as the defendant, answered. For separate defenses his answer alleges: (1) That after the death of his mother, the plaintiff agreed to sell his interest in the premises to the defendant for the sum of $1,200, which the latter paid; (2) that the said defendant Clyde M. Eaton has expended large sums of money, approximately $11,000, in repairs and improvements of the property, relying on said agreement; (3) that by Seymour S. Eaton's will his wife Adelaide took all of his property; that she sold and disposed of his personal property

and a part of his real estate, " but did not sell or dispose of the lands or premises described in " the complaint. The answer demands (1) that the said will be construed; (2) that the plaintiff specifically perform his alleged agreement to sell his interest in the premises to the defendant and execute a deed therefor, and (3) such other and further relief as may be proper.

At the trial the defendant moved to dismiss the complaint on the ground that it appeared from the pleadings that the actions for partition and accounting were each outlawed and barred. The Statute of Limitations was not set up in the answer but the defendant moved to amend his answer by alleging it. The decision on the defendant's motion to dismiss was reserved.

In passing we refer to the defendant's demand for a construction of Seymour S. Eaton's will. A construction thereof seems unnecessary. Whether the plaintiff and the defendant Clyde M. Eaton took by devise under their father's will, or by inheritance from their mother, upon her death each became seized of a one-half undivided interest in the property.

Coming to the question of the Statute of Limitations, the defendant argues that this action for partition comes within section 53 of the Civil Practice Act which provides: " An action, the limitation of which is not specifically prescribed in this article, must be commenced within ten years after the cause of action accrues."

The defendant has not alleged and does not claim to hold the premises by adverse possession; in fact he disclaims such holding.

Admitting that this action does not fall within the previous sections, does section 53 apply? If it does, the action is barred as the plaintiff and defendant became seized of the property in 1925.

The plaintiff argues that the Statutes of Limitations do not apply; that an action for partition continues as long as common ownership exists; that it is a continuing cause of action, not barred by any Statute of Limitations. We think the cases support the plaintiff's contention. (*Matter of Wood*, 68 Misc. 267; *Willis* v. *Sterling*, 224 App. Div. 647; *Dresser* v. *Travis*, 39 Misc. 358; affd., 87 App. Div. 632; *Ford* v. *Clendenin*, 215 N. Y. 10; 30 Cyc. 190.) In *Matter of Wood* (*supra*) the court said (at p. 269): " The Statute of Limitations does not apply to partition actions and accountings in partition actions, so long as the relation of cotenancy exists." *Dresser* v. *Travis* (*supra*) was an action for partition. After considering at length the facts determining the title, the court said (at p. 364): " As to that portion of the estate * * * the four daughters * * * are tenants in common. An action for partition of the property may be maintained * * *. *The cause of action is*

*a continuing one so long as the cotenancy exists.* *There can be no bar in this action as urged by the defendants because of the Statute of Limitations, for there has been no time when the statute has begun to run against the plaintiff.* *Neither has there been any adverse possession in the trustee.*" (Italics ours.) *Willis* v. *Sterling (supra)* was a partition action. Certain defendants alleged " that the action is barred by the ten-year Statute of Limitations (Civ. Prac. Act, § 53)." After holding that the plaintiff was entitled to an undivided interest in the property, the court said (p. 649), we " are unable to follow the trial court in holding that the case is barred by the ten-year Statute of Limitations * * *. In order to maintain the action it was not necessary that he [plaintiff] be in actual physical possession of the property. The requirements of the statute would be complied with if he had a right to the possession. Plaintiff was entitled to possession of an interest in this property as a tenant in common thereof, and as such he can maintain an action for partition even though his cotenants were in actual physical possession of the property * * * and the ten-year Statute of Limitations * * * would not be a bar * * *. He could begin his action to partition the property at any time before he lost title." In that case the court pointed out that the defendants had not held the property adversely for twenty years. Here the defendant does not claim to have held adversely at any time. In that case the court made a new finding " that this action for partition * * * is not barred by the ten-year Statute of Limitations." *Ford* v. *Clendenin (supra)* was not a partition action. It held that when one, not in possession but claiming to own (outright) real property which is in the possession of another, seeks to obtain possession he must assert his claim within ten years. However, the court (at p. 16) points out the distinction between that case and an action which " is a continuous one accruing from day to day * * * against which the Statute of Limitations does not run." It said: " It is well settled that an owner in possession [the actual possession of the defendant here is the possession of his cotenant, the plaintiff] has a right to invoke the aid of a court of equity at any time while he is so the owner and in possession to have an apparent * * * incumbrance discharged from the record and such a right is never barred by the Statute of Limitations. It is a continuing right which exists as long as there is an occasion for its exercise." Likewise is the right of partition.

The defendant's motion is denied.