■ ALAN ROKEACH, Respondent, v HELENE ZALTZ, as Administratrix of the Estate of MAX ROKEACH, Deceased, Appellant, et al., Defendants.—In an action for a partition of certain real property and for an accounting of rents and other moneys received or collected from the property, defendant Helene Zaltz, as administratrix of the estate of Max Rokeach, appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Rader, J.), dated July 31, 1984, as denied that branch of her motion which was to dismiss the complaint and directed the filing of a note of issue within 60 days.

Order modified, by deleting therefrom the third decretal paragraph which ordered the filing of a note of issue within 60 days, and substituting therefor a provision that the parties, if they be so advised, may conduct further discovery. As so modified, order affirmed, insofar as appealed from, without costs or disbursements.

Appellant's contention that the instant action for a partition and accounting is barred by the Statute of Limitations is without merit. As an alleged tenant in common of the property, plaintiff may maintain an action for partition (*see,* RPAPL 901; *Willis v Sterling,* 224 App Div 647, *appeal dismissed sub nom. Macomber v Sterling,* 253 NY 600). It is well settled that such an action by one or more cotenants is unaffected by any limitations period for as long as the cotenancy survives (*see, Rosen v Rosen,* 78 AD2d 911). This is because "[t]he cause of action [for partition] is a continuing one so long as the cotenancy exists" (*Dresser v Travis,* 39 Misc 358, 364, *affd* 87 App Div 632, *affd* 177 NY 376). Moreover, there is strong support for the proposition that the same rules apply to an accounting action which accompanies the request for a partition (*see, Goergen v Maar,* 2 AD2d 276). Since there is no claim by appellant that the purported tenancy in common has been dissolved, the Statute of Limitations defense must fail.

Likewise, we are unpersuaded by appellant's contention that a dismissal is warranted under CPLR 3211 (a) (7) because the complaint fails to state a cause of action. Plaintiff has alleged adequate facts to give rise to an issue concerning the ownership of the property and the complaint on its face is sufficient to establish a prima facie case for partition and an accounting. These allegations need not be fully substantiated

by plaintiff at this point, for the branch of appellant's motion which was to dismiss for failure to state a cause of action is not in the nature of a CPLR 3212 application for summary judgment, nor did Special Term treat it as such (see, CPLR 3211 [c]).

Moreover, we do not agree with appellant's contention that a deed of the subject property to another party in 1940 conclusively establishes that plaintiff's grandfather had no ownership interest in the property when he attempted to devise it to plaintiff and his cotenants in 1949. Plaintiff has demonstrated that records or documents of a post-1940 conveyance of the realty to his grandfather may exist. Thus, any dismissal of the complaint would be premature, as the parties should be given the opportunity to conduct further discovery. Therefore, while Special Term properly denied that branch of the motion which was to dismiss, the court erred in ordering that a note of issue be filed within 60 days. We modify the order of Special Term accordingly. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.