SECOND DEPARTMENT, JULY, 2003

(July 7, 2003)

■ MARGARET BARCIA, Respondent, v MARIE MENNA, Appellant, et al., Defendants. [762 NYS2d 279] —In an action for partition and an accounting, the defendant Marie Menna appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated March 13, 2002, as granted the plaintiff's motion to compel her to accept the plaintiff's reply to the counterclaims.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in granting the plaintiff's motion to compel the appellant to accept her reply to the counterclaims. Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.

■ MARGARET BARCIA, Respondent, v MARIE MENNA, Appellant, et al., Defendants. [762 NYS2d 264] —In an action for partition of real property and an accounting, the defendant Marie Menna appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Glover, J.), dated July 9, 2002, as granted the plaintiff's motion for leave to reargue and, upon reargument, vacated so much of its prior order dated March 13, 2002, as granted that branch of Marie Menna's motion which was to dismiss so much of the cause of action for an accounting as was based on conduct which occurred before June 15, 1995, and denied that branch of the prior motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to reargue (see CPLR 2221 [d]). Further, the Supreme Court properly concluded that the plaintiff's cause of action for an accounting is incidental to the cause of action for partition, and that it is not time-barred as to conduct occurring more than six years before commencement of this action (see Rokeach v Zaltz, 112 AD2d 209 [1985]; Goergen v Maar, 2 AD2d 276 [1956]).

The appellant's contention regarding the terms of the parties' partnership agreement is unpreserved for appellate review. Altman, J.P., Krausman, Goldstein, H. Miller and Crane, JJ., concur.